CHARLOTTE HARBOR & NORTHERN RAILWAY COMPANY *v.* WELLES ET AL., CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF DE SOTO COUNTY, FLORIDA.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 4. Submitted March 16, 1921; restored to docket for oral argument March 21, 1921; argued October 4, 1922.—Decided October 16, 1922.

A special improvement tax which was void when assessed, for want of statutory authority in the officers who undertook the improvement, may be validated by the legislature consistently with the due process clause of the Fourteenth Amendment. P. 11. *Forbes*

*Pioneer Boat Line* v. *Board of Commissioners,* 258 U. S. 338, distinguished.
78 Fla. 227, affirmed.

ERROR to a decree of the Supreme Court of Florida affirming a decree dismissing the bill in a suit to enjoin collection of a special road improvement tax, etc.

*Mr. Kenneth I. McKay,* with whom *Mr. James M. Gifford* was on the brief, for plaintiff in error.[1]

No appearance for defendants in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Bill in equity to declare illegal the creation of a special road and bridge district, designated as the Charlotte Harbor Special Road and Bridge District, in De Soto County, Florida, and to restrain the defendants in error, as and constituting the Board of County Commissioners, from paying out any funds in settlement of any supposed obligations contracted for work done in pursuance of the plan proposed. And further, to enjoin the Commissioners, until the final hearing in this cause, from contracting any further obligations, or paying out any further moneys, on account of the construction of roads and bridges under the plan proposed, and for such other and further relief as equity may require.

The ground of the suit and for the relief prayed is, that the district was constituted of territory which overlapped territory included in another district theretofore created, and that, therefore, the Board of Commissioners, to which the creation of the district was committed by the law of the State, as the law then existed, was without power to establish the district.

---

[1] At the former hearing the case was submitted by *Mr. Gifford,* on behalf of the plaintiff in error.

The Board of Commissioners demurred to the bill, and alleged, as the grounds thereof, the insufficiency of the bill to authorize equitable relief, and, besides, alleged that complainant was estopped by not complaining earlier, and, by its delay, had permitted the expenditures of money by the Board of Commissioners.

The demurrer was sustained and a decree entered dismissing the bill. The decree was affirmed by the Supreme Court of the State and to its decision this writ of error is directed.

The opinion of the court considers and disposes of all state questions, including the one pertinent to our consideration; that is, that the legislature had power to create special road and bridge districts which overlapped, and having that power, it also had the power " to pass an Act curing or validating the action of the county commissioners in creating a special road and bridge district partly lying in another special road and bridge district." " This," the court said, " seems to be the general ruling. 8 Cyc. 1023, and numerous authorities cited in the footnote."

The court, therefore, sustained the act which is attacked, taking judicial notice of it, it having been passed pending the suit. C. 8024, Laws of Florida, Acts of 1919. The court said it was passed for the special purpose of validating the action of the Commissioners, " and legalizing and validating the assessments made for the construction of roads and bridges " in the newly created district, the indebtedness incurred and the warrants issued for the payment of the expenses incident thereto, or which should thereafter issue; and also validated and legalized the assessments and levy of taxes in the district.

The court further said that that doctrine had theretofore been recognized in the State. Cases were adduced, and (adopting the language of one of them,) the conclusion was expressed, that in consequence of such legisla-

tion, the complainant had no standing in court or right to any relief by reason of the matters complained of in its bill.

In a petition for rehearing, plaintiff in error attacked the reasoning and conclusion of the court, and asserted against them the inhibition of the Fourteenth Amendment of the Constitution of the United States which precludes a State from the taking of property without due process of law. The specification of the grounds is that "the said bill [to quote from it], attempts to legalize a proceeding of the County Commissioners of De Soto County, Florida, who were mere administrative officers and which proceeding was void ab initio and without jurisdiction, and under which proceeding certain taxes were levied against the property of your petitioner, prior to the passage of said Act of the Legislature, and therefore the said Act of the Legislature, in so far as it purports to create a liability on your orator for taxes previously assessed against your orator under a proceeding of said administrative officers is void ab initio and without jurisdiction." The court considered the petition for rehearing and denied it.

In support of the contention of the petition, plaintiff in error makes a distinction between a *curative* statute, which it is conceded a legislature has the power to pass, and a *creative* statute, which, it is the assertion, a legislature has not the power to pass. The argument in support of the distinction is ingenious and attractive, but we are not disposed to review it in detail.

The general and established proposition is that, what the legislature could have authorized, it can ratify if it can authorize at the time of ratification. *United States* v. *Heinszen & Co.,* 206 U. S. 370; *Wagner* v. *Baltimore,* 239 U. S. 207; *Stockdale* v. *Insurance Companies,* 20 Wall. 323. And the power is necessary, that government may not be defeated by omissions or inaccuracies in the ex-

ercise of functions necessary to its administration. To this accommodation, *Forbes Pioneer Boat Line* v. *Board of Commissioners of Everglades Drainage District,* 258 U. S. 338, is not militant. The case concedes the power of ratification and declares the principle upon which it is based and, necessarily, recognized the subjection and obligation of persons and property to government, and for government, and its continuation for the purposes of government. And the recognition precludes a misunderstanding of the case and its extension beyond its facts. It was concerned with an attempt to impose a charge for the use of a government canal, for which use, at the time availed of, there was no charge—an attempt, therefore, to turn a gratuity conferred and enjoyed into a legal obligation and subject it to a toll.

*Decree affirmed.*