## WETHERELL BROS. CO. v. WHITE, Collector.

### No. 4360.

District Court, D. Massachusetts.

Dec. 3, 1930.

O. W. Taylor, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

This is an action at law to recover back a tax paid under protest. It was heard on agreed facts, supplemented by the oral testimony of a single witness, Mr. Patrick. There is no dispute about the facts, which are as follows:

On November 25, 1927, the plaintiff was assessed on income and excess profits under the Revenue Act of 1918 (40 Stat. 1057). The tax was paid under protest on January 25, 1928; the total amount of principal and interest being $8,132.24. No question as to the amount of the tax, if collectible, is raised in the present proceeding.

The plaintiff contends that the assessment was illegal because at the time when it was made all such taxes under the act of 1918 had been barred by the limitation found in Revenue Act 1926, §§ 277(3), 278(e), and 1106(a), 26 USCA §§ 1057(3), 1062, and § 1249 note. Section 277(3) provides in substance, that such taxes "shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." The assessment was not made within five years after the return; and the taxes in question were not legally due—as both parties agree—unless certain written waivers filed by the plaintiff were binding on them.

On December 2, 1926, the plaintiff filed a written waiver of the limitation applicable to the tax in question. On November 10, 1927, it waived in writing its right of appeal to the Board of Tax Appeals from the assessment in question, "and consents to the immediate assessment of the deficiency in tax resulting therefrom." The schedule annexed to this waiver contained a full statement of the computation of the tax in question. The government contends that the effect of these documents was to abrogate the limitation provisions contained in section 277. Neither waiver was made until after the right to tax had expired and after the passage of the Revenue Act of 1926, section 278(e) of which provides that the statute shall not authorize the assessment or collection of a tax by legal proceedings if the tax had been barred at the time when the act was passed, "unless *prior (thereto)* (italics mine) the Collector and the tax payer had agreed in writing thereto."

The questions presented have been decided adversely to the government's contention in Jacobs Bros. Co. v. Commissioner of Internal Revenue, 19 B. T. A. 315; James & Holmstrom Piano Company v. Commissioner, 19 B. T. A. 322; and Joy Floral Company v. Commissioner, 58 App. D. C. 277, 29 F.(2d) 865. In the recent case, Panther Rubber Company v. Commissioner (C. C. A. 1st, November 26, 1930) 45 F.(2d) 314, it is strongly intimated that such a waiver, given without consideration after the time has expired within which the tax could be lawfully assessed, will not restore the right to tax. See section 1106(a), supra. It is unnecessary to restate the reasoning on which these decisions rest, as it is fully covered in the opinions. I find and rule that the tax in question was wrongfully collected.

Judgment for the plaintiff.