COMMISSIONER OF INTERNAL REVENUE v. NORTHERN COAL CO.

SAME v. C. H. SPRAGUE & SON CO.

Nos. 2716, 2717.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner for review.

Paul F. Myers, Edmund B. Quiggle, and Williams, Myers & Quiggle, all of Washington, D. C., for Northern Coal Co. and C. H. Sprague & Son Co.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

These cases are before this court on petitions for review of a decision of the Board of Tax Appeals. They were argued together before this court, and as the issues involved are the same, they may be disposed of in one opinion.

A consolidated return for the tax year of 1920 by six affiliated corporations, including the respondents in these two cases, was filed on April 12, 1921. The five-year period under the Revenue Act of 1921 (42 Stat. 227) for assessing and collecting any deficiency tax for the year 1920, therefore, expired on April 12, 1926, unless extended by waiver.

On November 16, 1925, each of these respondents filed waivers extending the time for the assessment of income and profits tax for the year 1920 to December 31, 1926.

No action was taken by the Commissioner within this period to assess any deficiency tax against these two respondents. Under section 1106 of the Revenue Act of 1926 (26 USCA § 1249 note), which took effect on February 26, 1926, the statute of limitations against the United States in respect to any internal revenue tax not only operated to bar the remedy, but extinguished the liability.

On April 12, 1927, each of the respondents filed a second waiver extending the time for the assessment of income and profits tax due under any return made by the taxpayer for the year 1920, to December 31, 1927, and on December 31 the Commissioner mailed a notice of a deficiency tax for the year 1920.

From the Commissioner's notice of an assessment of a deficiency tax issued on December 31, 1927, the taxpayers petitioned the Board of Tax Appeals for a redetermination of the deficiency tax set forth in the Commissioner's notice, alleging in an amendment to their petition that the time for assessing and collecting any deficiency tax against these respondents for the tax year 1920 was barred by the statute of limitations, and that the waiver of April 12, 1927, was invalid.

The Board of Tax Appeals sustained the taxpayers' contention and held, since section 1106 of the Revenue Act of 1926 had extinguished all liability for any additional taxes for 1920, that the waiver of April 12, 1927, was of no effect as there was no tax for the year 1920 then due, or which could be collected of these respondents.

Section 612 of the Revenue Act of 1928 (45 Stat. 875) was not called to the attention of the Board, and no ruling was had by the Board as to the effect of this section repealing section 1106 of the Act of 1926 as of the date of its enactment; nor does it appear that the effect of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, was considered by the Board.

Both the government and the taxpayers agree that under the government's assignment of errors, the issues raised in each of these proceedings are:

(1) Whether the waiver of April 12, 1927, was effective to authorize the Commissioner to assess and collect additional taxes for the year 1920.

(2) Whether section 612 of the Revenue Act of 1928, which repealed section 1106 of the Revenue Act of 1926, revived the liability for taxes accruing in the year 1920.

(3) Whether section 612 of the Revenue Act of 1928, if it can be so construed, is constitutional.

While it was held in Stange v. United States, supra, that under section 250 (d) of the Act of 1921 (42 Stat. 265), a common-law waiver extending the time for assessment of deficiency taxes is valid, even though given after the time for assessing such tax had expired, the question of the validity of a waiver filed after the period of limitation has expired has not been decided by the Supreme Court since the passage of the 1926 act. It would seem, however, that after the expiration of the statute of limitations, a waiver extending the time for assessing taxes due cannot authorize the assessment of a tax, if all liability for a tax for the year in question has been extinguished.

The crux of this case, therefore, is the effect of section 612 of the Act of 1928 (45 Stat. 875). While it repealed section 1106 of the Act of 1926 as of February 26, 1926, did it thereby revive a tax liability which by section 1106 had already been extinguished, and, if so, was the period for assessment extended by the waiver filed April 12, 1927?

The Board following its previous decisions, and what is understood to be the rule in the Circuit Court of Appeals, Steiner Mfg. Co. v. Commissioner, 18 B. T. A. 740; United States Refractories Corporation v. Commissioner, 23 B. T. A. 872; Knight-Campbell Music Co. v. Commissioner, 23 B. T. A. 1234; United States v. John Barth Company (C. C. A.) 27 F.(2d) 782; Dobbins v. Commissioner (C. C. A.) 31 F.(2d) 935, held that the repeal of section 1106 did not revive the liability and the waiver of April 12, 1927, was of no effect. Also see Griffiths v. Commissioner (C. C. A.) 50 F.(2d) 782.

In order to construe the several sections above referred to, it is necessary to consider what the Department of Internal Revenue and Congress understood the state of the law to be when the acts of 1926 and 1928 were passed, and to determine the intent of Congress from a consideration of the provisions of the Revenue Acts from 1921 to the present. Under section 250 (d) of the Act of 1921 (42 Stat. 265), the time for assessing taxes under the several acts prior to 1921 was limited to five years unless the time was extended by agreement. Under section 278 (c) of the Acts of 1924 and 1926 (26 USCA § 1060 note), it was provided that where both the Commissioner and the taxpayer had consented in writing to the assessment of the tax after the time prescribed for the assessment in section 277 (26 USCA § 1057 and note), the tax could be assessed "at any time prior to the expiration of the period agreed upon."

While prior to 1928 there was a division of opinion in the District and Circuit Courts of Appeals, the weight of authority was to the effect that any waiver to be effective must be executed before the period of limitation expired. See Joy Floral Co. v. Commissioner, 58 App. D. C. 277, 29 F.(2d) 865; Spear & Co. v. Heiner (D. C.) 34 F.(2d) 795; Pictorial Printing Co. v. Commissioner (C. C. A.) 38 F.(2d) 563; Columbian Iron Works v. Brock (D. C.) 38 F.(2d) 816; Chicago Railway Equipment Co. v. Commissioner (C. C.) 39 F.(2d) 378; Wetherell Bros. Co. v. White (D. C.) 46 F.(2d) 83.

The case of Stange v. Commissioner, supra, as to the effect of waivers filed after the expiration of the period of limitation, was not decided until January, 1931, and related to waivers under the 1921 act. In this case the court held that the provision for consents under the 1921 act must be held to apply to waivers after the period for assessment had expired, since otherwise it would prevent the collection of deficiencies and unpaid taxes of prior years, which it was not to be presumed was the intent of Congress; but that reason does not necessarily hold as to a consent given after the tax liability had been expressly extinguished by section 1106 of the 1926 Act. Until 1921 there had been no limitation upon the collection of taxes for prior years. The liability under the prior acts still continued.

Section 250 (d) of the Act of 1921 also provided that no "suit or proceeding" for the collection of such tax should begin after five years from the date when the return was filed.

Under this language the Treasury Department ruled that only the remedy of a "suit or proceeding in court" was barred after five years, and the government could still collect the tax after the five year limitation by distraint; Congress, however, by section 278 (d) of the Act of 1924 and section 278 (d) of the Act of 1926 (26 USCA § 1061 and note), limited collection by distraint to the period within which a tax could be collected by suit, and the obvious intent in enacting section 1106 of the 1926 Act (26 USCA § 1249 note), which provided that the statute of limitations "shall not only operate to bar the remedy but shall extinguish the liability," was to make certain that the limitation applied to all forms of proceedings for collection, or as the court said in Atlas Securities Co. v. Commissioner (C. C. A.) 58 F.(2d) 214, 216: "It was to prevent the government enforcing an existing liability in spite of the existing bar of the remedy by the statute." In Bowers v. New York & Albany Lighterage Company, 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, decided February 21, 1927, the Supreme Court held that the limitation period as to collection of taxes prior to 1924 applied to collection by distraint as well as by "suit or proceeding."

Though all collections by distraint after the period of limitation had expired ceased, at least after the decision of the Supreme Court in the Bowers Case in February, 1927, large sums, under the ruling of the Department, as was pointed out in Graham & Foster v. Goodcell, 282 U. S. 409, 417, 51 S. Ct. 186, 75 L. Ed. 415, had previously been paid into the Treasury, concerning which many claims for refunds were pending, and as much

uncertainty had arisen under section 1106 as to the proper disposition of these funds, Congress evidently undertook to clarify the situation in the act of 1928.

Bearing in mind that, at the time of the passage of the act of 1928, the Stange Case, supra, had not been decided; that the weight of authority in the District and Circuit Courts of Appeals was that a waiver, to be effective, must be filed before the expiration of the period provided for the assessment of the tax, though there were cases holding to the contrary; and that under section 1106 the liability for a tax was extinguished after the expiration of the period of limitation, but any payment after the expiration of the period of limitation should not be credited or refunded unless in excess of the tax actually due—the intent of Congress by the enactment of sections 607, 608, 609, 610, 611 (26 USCA §§ 2607–2611), and section 612 (45 Stat. 875), and the amendments to section 278 of the 1926 Act provided in section 506 of the 1928 Act (see 26 USCA § 1060 et seq.), becomes reasonably clear.

As a substitute for the provisions of section 1106, Congress provided in section 607 (26 USCA § 2607) that any tax assessed or paid after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer, if a claim therefor is filed within the time allowed for filing claims for refunds. In effect, this section re-enacted the part of section 1106 of the 1926 Act, which barred all liability for the tax, since section 607 required to be credited or refunded *as an overpayment* the entire amount collected after the period of expiration for collection had expired; and, further, under section 609 (26 USCA § 2609) it was provided that any attempt to credit a payment against a deficiency shall be void, if the period for assessing or collecting such deficiency had expired, when it was provided under section 607 of the 1928 Act that all payments after the expiration of the period for assessment and collection shall be deemed *overpayments* and should be credited or refunded, it extinguished the liability for the tax more effectually than was done by section 1106 of the 1926 Act, under which the government could retain the amount collected, except so much as was in fact an overpayment.

The Supreme Court, in Graham & Foster v. Goodcell, supra, and in the companion cases, held that section 611 of the 1928 Act qualified section 607 and was not affected by section 1106, even if the latter section had not been repealed. In that case, however, the collection was made before the enactment of section 1106, and the tax collected was admitted to be due, and under section 1106 no suit to recover a refund could be maintained unless it was shown that the tax was overpaid.

In the case of Mascot Oil Company v. United States, 282 U. S. 434, 437, 51 S. Ct. 196, 75 L. Ed. 444, what amounted to a stay of collection had apparently been effected, bringing it under the provisions of section 611, in which case the court held that Congress had authority to cure a defect in administration which had resulted in the collection of the tax and to deny recovery to the taxpayer.

But that is not this case. None of the conditions for the application of section 611 (26 USCA § 2611) are present here. No tax has been collected; no claim for abatement has been filed; no refund is claimed; nor does the taxpayer admit that any deficiency is due. The question here is: Did Congress intend to restore any liability for a tax after the limitation of the period for assessment and collection had expired? It is clear, we think, that such was not its intent, as indicated by the provisions of sections 607 and 609 (26 USCA §§ 2607, 2609), which are obviously based on the assumption that all liability for a tax was extinguished upon the expiration of the period of limitation.

The reservation in section 506 (c) of the 1928 Act (26 USCA § 1060 note) as to prior waivers filed after the period of limitation should not be construed to give effect to such waivers when all liability for the tax had been extinguished; and whether section 1106 of the 1926 Act, or section 607 of the 1928 Act, was in force at the time the second waiver in this case was given, not only were all remedies for the collection of the 1920 tax of these respondents barred, but all liability therefor had been extinguished on December 31, 1926.

Having in mind the conditions which had arisen under the erroneous ruling of the Treasury Department, we think the intent of Congress as expressed in these sections was to extinguish the liability for all taxes after the period of limitation for their collection had expired, and, where such taxes had been collected in the past under threats of distraint or through mistake on the part of government officials as to authority, to require a refund unless the payments could be applied on some tax actually due, or unless the delay in collec-

tion was due to some act of the taxpayer and the facts stated in section 611 were present.

The Supreme Court, in Graham & Foster v. Goodcell, supra, page 420 of 282 U. S., 51 S. Ct. 186, apparently treated the entire scheme of sections 607–611 as being retroactive; and we think they were so intended. The repeal of section 1106, as of February, 1926, was, therefore, essential, if section 607 were to have retroactive effect.

One obvious purpose of Congress running through the Acts of 1926, §§ 277, 278 (see 26 USCA §§ 1057 and note, 1058 et seq. and notes), and 1928, §§ 275, 506 (see 26 USCA §§ 2275, 1060 et seq. and notes), and continued in the Act of 1932, §§ 275, 276 (see 26 USCA §§ 3275, 3276), was to speed up the collection of taxes, to abolish the granting of extensions after the expiration of the period of limitation for the assessment of taxes, and definitely to prohibit the practice of collection by distraint after the limitation of the period for collection had expired.

In view, therefore, of the provisions of sections 607 and 609, and also of section 322 (c) (3) of the 1928 Act, 26 USCA § 2322 (c) (3), and the apparent purpose of Congress in the recent Revenue Acts to speed up the determination of tax liability and the collection of taxes, we think the repeal of section 1106 of the 1926 Act by section 612 of the 1928 Act, following in order as it does the five preceding sections, which it is agreed were a substitute for section 1106, did not and was not intended to revive a liability for the taxes of prior years, where they had been extinguished under section 1106, nor to give validity to waivers filed after all liability for such taxes had been discharged—since Congress plainly indicated by section 506 of the same act that it did not favor the continuation of the practice of filing waivers after the period of limitation had once expired—or to ratify the act of the Commissioner in issuing the deficiency notice on December 31, 1927, under assumed, though mistaken, claim of authority.

The situation presented by the facts in this case is not such as existed in United States v. Heinszen & Company, 206 U. S. 370, 27 S. Ct. 742, 51 L. Ed. 1098, 11 Ann. Cas. 688; Rafferty v. Smith, Bell & Company, Limited, 257 U. S. 226, 42 S. Ct. 71, 66 L. Ed. 208; Charlotte Harbor & Northern Railway Company v. Welles et al., 260 U. S. 8, 43 S. Ct. 3, 67 L. Ed. 100; in Hodges et al. v. Snyder et al., 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; or Mascot Oil Company v. United States, supra, where Congress ratified acts of a public nature done under the assumption of authority; as when tariffs or taxes were collected in good faith, though unauthorized. Here no such intent to ratify defects in administration appears. We think the situation here is more nearly analogous to that in William Danzer & Company v. Gulf & Ship Island Railroad Co., 268 U. S. 633, 45 S. Ct. 612, 69 L. Ed. 1126, rather than to the situation in the above cases.

Accordingly, we hold that the agreement on April 18, 1927, to extend the time for the assessment of a tax which had already been extinguished, was of no effect, a view already adopted by the Board in Steiner Mfg. Co. v. Commissioner, supra; United States Refractories Corporation v. Commissioner, supra; Knight-Campbell Music Co. v. Commissioner, supra; and by the Circuit Courts of Appeals in United States v. John Barth Company, supra, reversed on other grounds, see 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; Dobbins v. Commissioner, supra; Griffiths v. Commissioner, supra. If doubt exists as to the proper construction of these sections, it should be resolved in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211.

The decisions of the Board of Tax Appeals are affirmed.