## BOWLES v. STRICKLAND.
### No. 11164.

Circuit Court of Appeals, Fifth Circuit.
Oct. 18, 1945.

Fleming James, Jr., Director, Litigation Division, O.P.A., David London, Chief, Appellate Branch, O.P.A., and Samuel Mermin, Sp. Appellate Atty., O.P.A., all of Washington, D. C., John D. Mosby, Regional Litigation Atty., of Atlanta, Ga., and Homer. C. Eberhardt, Enforcement Atty., O.P.A., of Valdosta, Ga., for appellant.

C. Baxter Jones, of Macon, Ga., and S. P. Cain, of Cairo, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

Acting under the authority of the Emergency Price Control Act of 1942, 50 U.S. C.A.Appendix, § 901 et seq., the Price Administrator, with the approval of the Secretary of Agriculture, issued, effective December 24, 1942, Price Regulation No. 291. It established the maximum sale price of Georgia cane syrup at 60¢ per gallon. On or about February 1, 1943, appellee, a producer of Georgia cane syrup, allegedly sold 89 barrels of the syrup at 66⅔¢ per gallon, resulting in a total charge over the maximum fixed in the regulation of $231.40.

In September, 1943, the Administrator brought this action against the appellee under Section 205(e) of the Act to recover three times the amount of the overcharge, or $694.20. On the motion of appellee the court below dismissed the suit on the ground that it was instituted without the prior approval of the Secretary of Agriculture and that the Administrator had no authority to bring the suit without such approval. This appeal followed.

When the suit was instituted, Section 3(e) of the Act read: "Notwithstanding any other provision of this or any other law, no action shall be taken under this Act by the Administrator or any other person with respect to any agricultural commodity without the prior approval of the Secretary of Agriculture; except that the

420

Administrator may take such action as may be necessary under section 202 and section 205(a) and (b) to enforce compliance with any regulation, order, price schedule or other requirement with respect to an agricultural commodity which has been previously approved by the Secretary of Agriculture."

The court below held that this language indicated that approval of the Secretary of Agriculture was necessary before the Administrator could bring a suit under Section 205(e). The Administrator counters by urging that the legislative history, the debates in Congress, and the reports of congressional committees show that the excepting clause was intended to make unnecessary the approval of the Secretary of Agriculture to enforce compliance with any regulation or price schedule with respect to an agricultural commodity which had been previously approved by the Secretary, and that 205(e) was within this construction of the statute; that the failure expressly to include Section 205(e) in the except-. ing clause was clearly a legislative oversight.

We find it unnecessary to pass upon the question thus presented. On June 30, 1944, Congress passed the Stabilization Extension Act, which contained an amendment to Section 3(e) of the Emergency Price Control Act. This amendment struck out the references to paragraphs (a) and (b) of Section 205, and made the excepting clause in Section 3(e) read: " * * * except that the Administrator may take such action as may be necessary under section 202 and section 205 to enforce compliance with any regulation, order, price schedule or other requirement with respect to an agricultural commodity which has been previously approved by the Secretary of Agriculture." [1]

 As this amendment did not affect substantive rights, but related only to the procedural machinery provided to enforce such rights, it applied to pending as well as to future suits. See 50 American Jurisprudence, page 505, Section 482. A suit in process of appeal (as this one was on June 30, 1944) is a pending suit. Bowles v. Hasting, 5 Cir., 146 F.2d 94. The neces-

sary effect of the amendment was to authorize the prosecution of future suits under Section 205(e), and to ratify and approve the prosecution of pending suits, brought without the prior authorization of the Secretary. It is now settled that Congress has such remedial power. Charlotte Harbor & N. R. Co. v. Welles, 260 U.S. 8, 43 S.Ct. 3, 67 L.Ed. 100; Graham et al. v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L. Ed. 415; Downs v. Blount, 5 Cir., 170 F. 15, 31 L.R.A.,N.S., 1076. The judgment appealed from must, therefore, be reversed and the cause remanded.

 The contention that the one-year period within which the Administrator, when authorized, could sue under the Emergency Price Control Act had run before Congress amended the Act, hence the liability created by the Act against appellee had ceased to exist before authority to sue was given the Administrator by the amendment, was neither presented to nor passed on by the court below. Until that is done, we may not consider it.

Reversed and remanded.

---

[1] The Secretary's functions under Section 3(e) were transferred by executive orders to the War Food Administrator in March and April of 1943; thus the functions of the Secretary under Section 3(e) had already been transferred to the War Food Administrator at the time this suit was brought, September 1, 1943. No one makes any point of this, nor shall we.