COMPAÑÍA RON CARIOCA DESTILERÍA, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 128.—Argued June 10, 1947.—Decided November 13, 1947.

*James R. Beverley, José López Baralt,* and *Carmen B. Hernández* for petitioner. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for intervener, respondent in the main proceeding.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Compañía Ron Carioca Destilería, Inc., has challenged the validity of Act No. 438 of April 24, 1946 (Laws of 1946, p. 1252), and requested the refund of the sum of $8,299.21 it paid by virtue of that Act to the Treasurer of Puerto Rico on certain distilled spirits. In the amended complaint filed by it in the Tax Court of Puerto Rico, it essentially maintained that on the date mentioned above the Governor of Puerto Rico purported to approve, and accordingly signed, a bill, which once approved was given number 438 for the year 1946, whereby it was sought to increase the taxes on distilled spirits which had been fixed by Act No. 34 of December 7, 1942 (Spec. Sess. Laws, p. 188), the new Act levying also a floor stock tax on all spirits distilled, rectified, produced, or introduced in the Island which might be in stock, in addition to any other excise, at the rate of one dollar on each wine gallon below 100° proof and of one dollar on each proof gallon over 100° proof; that said Act No. 438 is void and affords no legal basis for the Treasurer to collect the supposed increases, it being unconstitutional and void

*ab initio,* since the bill was not passed with the same text by both Houses of the Legislature of Puerto Rico, it having been passed by the Senate in a form different and distinct from that in which it was passed by the House of Representatives of Puerto Rico, in contravention of the express provisions of the Organic Act of this Island; that in order to substantiate the above allegations the plaintiff held in its possession certain certificates issued by the Official in Charge of the Minutes and of the Procedure in connection with Bills of the Senate, and of the Secretary of the latter body for the purpose of introducing them in evidence in due time; that by virtue of said bill the Senate of Puerto Rico increased the internal revenue tax to $4 on each wine gallon below 100° proof and to $4 on each proof gallon of 100° proof or over, while the amendment passed by the House of Representatives consisted in increasing to $4 the excise tax on each wine gallon below 100° proof and to $4.50 the tax on each proof gallon of 100° proof or over; that assuming to act under the provisions of the supposed Act No. 438 of 1946, the Treasurer demanded and collected from the plaintiff on the dates which were specified, the sums mentioned, and that the plaintiff paid the various sums under the most solemn protest that the increases levied by the supposed Act No. 438 were improper, it having paid said excessive sums, unduly and by error; and that it demanded from the Treasurer of Puerto Rico the refund of the amounts so paid and the latter has refused such demand. It concluded by praying that judgment be entered ordering the refund and payment by said officer of the sum of $8,299.21, with interest thereon at the legal rate.

The intervener Treasurer of Puerto Rico filed a motion to strike out the amended complaint filed by the petitioner herein, and upon said motion being sustained by the respondent tribunal, the plaintiff, on September 27, requested that final judgment be entered, inasmuch as "this Honorable (Tax) Court having sustained the motion to strike out the amended complaint filed by the defendant, and the plaintiff

being without a cause of action by reason of the striking out ordered, respectfully prays that final judgment be entered in this case for all legal purposes." The Tax Court did so on October 1, 1946, dismissing the "complaint in all its parts because the same does not state facts sufficient to constitute a cause of action in favor of the taxpayer and against the defendant."

The petitioner has resorted to this Court, pursuant to § 5 of Act No. 169 of May 15, 1943 (Laws of 1943, pp. 600, 608), and after the issuance of the corresponding writ of certiorari, the case was finally submitted to our consideration.

▆ The petitioner maintains that the Tax Court erred in granting the motion to strike out and in dismissing the complaint, since, in its judgment, in a case like the present one, it is proper to challenge, by means of the minutes of the respective Houses of the Legislature, the validity and constitutionality of an Act as enrolled and as finally approved by the Governor of Puerto Rico. However, it is unnecessary to consider and decide the question thus raised, because the intervener has asked us to dismiss the proceeding and, in our judgment, such dismissal lies. The motion to dismiss is based on the ground that subsequent to the enactment of said Act No. 438, there was approved, on July 24, 1946, Act No. 5 of the Legislature of Puerto Rico (Spec. Sess. Laws, p. 14), whereby any defects which might have existed in the prior statute were cured.

▆ Section 1 of the said Act No. 5 amended § 4 of Act No. 6 of June 30, 1936 (Spec. Sess. Laws, p. 44), as amended by said Act No. 438, so as to fix the following internal revenue taxes:

"1. (*a*) All distilled spirits below 100° proof shall pay a tax of four (4) dollars on each wine gallon, and a proportional tax at a like rate on every fraction of a wine gallon.

"(*b*) All distilled spirits of 100° proof or over, shall pay a tax of four (4) dollars on each proof gallon, and a proportional tax at a like rate on every fraction of a proof gallon.

"(c) All spirits distilled, rectified, produced, or manufactured in, or imported or introduced into Puerto Rico, which on the date this Act takes effect are in stock for sale, or for use in the manufacture or production of any alcoholic beverage destined for sale, and on which the internal-revenue taxes prescribed by law have been paid, shall pay once only, and in addition to the tax already paid, a tax of one (1) dollar on each wine gallon if the distilled spirits are below 100° proof, and a tax of one (1) dollar on each proof gallon if the distilled spirits are 100° or over, and a proportional tax at a like rate on every fraction of wine gallon or proof gallon, as the case may be . . ."

Act No. 5, *supra,* according to § 5 thereof, took effect immediately (July 24, 1946), "but as an emergency exists therefor, the provisions hereof shall be in effect retroactively to April 24, 1946." Indeed, said Act is nothing else than a curative act, which was enacted principally for the purpose of correcting any defect that might exist in Act No. 438 already mentioned.

It is a matter of common knowledge that unless the Constitution of a State or the Organic Act of a Territory shall expressly so prohibit, the Legislature has ample power to correct through curative acts certain defects which may have existed in prior taxation statutes. *United States* v. *Heinszen,* 206 U. S. 370, 51 L. ed. 1098, 27 S. Ct. 742, 11 Ann. Cas. 688. Also, that the mere fact that the tax is collected under an unconstitutional or invalid statute does not prevent the legislative power from validating the proceedings followed under said statute through the enactment of a subsequent statute that does not contain the defects or errors which invalidate the original Act. *United States* v. *Heinszen, supra; Rafferty* v. *Smith, B. & Co.,* 257 U. S. 226, 66 L. ed. 208, 42 S. Ct. 71; *Charlotte Harbor Ry.* v. *Welles,* 260 U. S. 8; 67 L. ed. 100, 43 S. Ct. 3; *Hodges* v. *Snyder,* 261 U. S. 600, 67 L. ed. 819, 43 S. Ct. 435; 140 A.L.R. 990 *et seq.;* and *Whitlock* v. *Hawkins,* 105 Va. 242, 53 S. E. 401.

██ Curative acts usually have retroactive effect [1] and when by virtue thereof the Legislature levies a tax or carries

[1] 50 Am. Jur. 503.

out an act which it could levy or carry out in the first instance,[2] they are held constitutional notwithstanding the fact that the prior laws which they attempt to correct might have been unconstitutional. 70 A.L.R. 1436; 11 Am. Jur. 1208, 1212; 51 Am. Jur. 163, 164 and 679, and other cases cited in the preceding paragraph.

So that, even assuming for the purpose of the motion to dismiss that Act No. 438 is unconstitutional for the reasons set forth by the petitioner, or for any other reason, the fact is that Act No. 5 of the Second Special Session of 1946, supra, cured the defects or errors which might exist in Act No. 438. In these circumstances, since the curative Act levied a tax of $4 on each wine gallon below 100° proof, as well as on each proof gallon of 100° proof or over, almost the whole tax paid by the petitioner has been levied by an Act which is clearly valid, and the only thing which we have to determine now is whether or not the 50-cent difference existing between the $4.50 fixed by Act No. 438 and $4 per proof gallon levied by the curative Act should be refunded.

The case of P. R. Tobacco Corp. v. Buscaglia, Treas., 62 P.R.R. 782, is easily distinguished from the one at bar. Although the result reached in that case is contrary to the one reached in the present case, the principle set forth in the former is identical with the one established in the latter. It was stated therein that Act No. 22 of June 18, 1939 (Spec. Sess. Laws, p. 94), was expressly repealed and that Act No. 22 of December 3, 1942 (Spec. Sess. Laws, p. 114), did not even attempt to validate it; that the effects of the 1942 Act were made retroactive to the date of the taking effect of the prior Act, and that the ''sole and evident purpose of the new law (was) to permit the Insular Treasury to retain for itself the sums collected under a statute which had already been declared void and unconstitutional by the final judgment of a competent court;'' that ''the law (of 1939) such

---

[2] Section 3 of our Organic Act, 48 USCA 228, authorizes the imposition of taxes and assessment of properties, income taxes, and internal revenue, etc.

as it has been drafted and applied, is indefensible from every standpoint" and "contrary to the Organic Act and to the Federal Constitution for the additional reason that it deprives the plaintiff of its property without due process of law in that it imposes on it a tax for a private and not for a public purpose." So that, even though the 1942 Act had been construed as a curative statute in relation to the 1939 Act, the conclusion reached therein would harmonize with that of the present case, since there, contrary to what happens here, the Legislature was not empowered to approve the original Act of 1939 in the terms in which it did, while in the present case it is unquestionable that the excises mentioned in Acts Nos. 438 and 5 of 1946 could have been levied in the first instance. In this connection, it was said in the case of *P. R. Tobacco Corp.* v. *Buscaglia, Treas., supra,* at p. 790, that "We have no doubt whatsoever that if the Legislature had, in 1939 and in 1942, the necessary power to pass a law having the aims and purposes of Act No. 22 of 1939, a ratification of said law in 1942, would have validated retroactively the imposition and collection of the taxes sought to be recovered by the plaintiff, even after a judgment of restitution had been rendered. See *Pillich* v. *Fitzimmons, Auditor,* 59 P.R.R. 104."

 Regarding the difference of 50 cents, perhaps the best procedure would be to remand the case to the Tax Court in order that it might be determined therein whether or not, in accordance with the facts and the law, the petitioner is entitled to a refund. However, we think that, in view of the factual situation presented by the record, it is not necessary to remand the case for that purpose to said tribunal. Let us see: By § 2 of the above-mentioned Act No. 5, the Treasurer and the Auditor of Puerto Rico are authorized to reimburse any amounts paid in excess of four dollars ($4) for internal revenue taxes on each proof gallon of distilled spirits pursuant to the provisions of paragraph (*b*) of subdivision 1 of § 4 of Act No. 6 of June 30, 1936, as amended by Act No. 438 of April 24, 1946. Nevertheless, said Section specifically

provides that there shall be made "no refund whatsoever unless the interested person alleges in his refund application, and in due time proves to the satisfaction of the Treasurer: (1) that he has actually sustained the burden of the payment of the tax, and (2) that on the date of filing his refund application he had in his possession the distilled spirits on which he has paid the excess refund of which he claims"; and (3) "unless the refund application is filed with the Department of Finance within one hundred and twenty (120) days counted from the date on which the Governor of Puerto Rico approves this Act."

For many years there prevailed in Puerto Rico the legal principle that in order that a taxpayer might be entitled to a refund of taxes improperly paid or paid in excess, it was necessary that he should have paid them under protest. *Cía. Agrícola* v. *Treasurer,* 47 P.R.R. 505; *Porto Rico Fertilizer Co.* v. *Domenech, Treas.,* 49 P.R.R. 43; Id., 50 P.R.R. 389 and 54 P.R.R. 644; *Yabucoa Sugar Co.* v. *Domenech, Tesorero* (per curiam) 50 *D.P.R.* 962; *Mayagüez Light Power & Ice Co.* v. *Buscaglia, Treas.,* 59 P.R.R. 706. The same rule has been upheld in the continental United States. *Chesebrough* v. *U. S.,* 192 U. S. 253; *Bonet* v. *Yabucoa Sugar Co.* 306 U. S. 505, 509. A payment not made under duress or threats was not considered as having been made under protest. *Blanco* v. *Court of Tax Appeals,* 61 P.R.R. 21. And when, as a matter of law, the tax was not paid under protest, the taxpayer could not resort to the courts in order to compel the Treasurer of Puerto Rico to reimburse the sums unduly paid or paid in excess by him. *Mayagüez Light Power & Ice Co.* v. *Buscaglia, Treas., supra,* and *Bonet* v. *Yabucoa Sugar Co., supra.* At the present time, however, the situation has changed, and today it is possible to request the refund of a tax unduly paid or paid in excess, although it has not been paid under protest. Act No. 169 of May 15, 1943 (Laws of 1943, pp. 600, 604); *The Coca Cola Co.* v. *Tax Court,* 65 P.R.R. 142; *Royal Bank* v. *Tax Court,* 65 P.

R.R. 324; *R. Santaella & Bros.* v. *Tax Court*, 66 P.R.R. 819; and *González Padín Co.* v. *Tax Court*, 66 P.R.R. 909, 934.

Although in the instant case it is maintained that the tax was paid in excess or unduly, there is no allegation or showing that the payment was effected under duress or threats, and hence it should be construed as having been made voluntarily. It is settled law that the reimbursement of a tax paid in excess or unduly paid cannot be obtained from the State unless there is a statute which expressly authorizes such reimbursement or refund. This is so, even though the Act under which the tax has been paid be wholly void or unconstitutional. 74 A.L.R. 1301, and *Chesebrough* v. *U. S.*, *supra*. In Puerto Rico, however, since 1904 we have had statutes which authorize the refund of taxes unduly paid or illegally collected.[3] In the specific case with which we are now concerned, we have § 2 of Act No. 5 of 1946 (Spec. Sess. Laws, pp. 15, 21). However, where an Act authorizes the reimbursement of taxes voluntarily paid, it is necessary to strictly comply with all the conditions provided therein. If any of those conditions are not complied with, the refund will be denied. *R. Santaella & Bros.* v. *Tax Court, supra;* 51 Am. Jur. 1006, and cases cited therein. Has the petitioner strictly complied with all the conditions imposed by the aforesaid Act No. 5, and is it therefore entitled to the refund of any amount paid in excess? We think not. It contends that it has actually sustained the burden of the payment of the tax, and it might be conceded that its refund application was made within the 120 days immediately following the approval of the Act; but from the record there appears its ad-

---

[3] See Act 12, of February 1904 (Comp. Stat. 1911, § 2365, p. 454); Act No. 10 of March 29, 1945 (Laws of 1945, p. 32); Act No. 261 of April 3, 1946 (Laws of 1946, p. 540); and Act No. 388 of May 13, 1947 (Laws of 1947, p. 744). See also § 75 of the Income Tax Act, No. 74 of August 6, 1925 (Laws of 1925, p. 400); § 2991 Rev. Stat. 1911; Act No. 35 of 1911 (Laws of 1911, p. 131); Act No. 17 of 1920 (Laws of 1920, p. 124); Act No. 9 of 1924 (Laws of 1924, p. 70); Act No. 84 of 1925; Act No. 8 of 1927 (Laws of 1927, p. 122) and Act No. 17 of 1941 (Spec. Sess. Laws, p. 54).

mission that at the time of the approval of Act No. 5, it did not have in its possession the distilled spirits on which it paid the excess claimed, as it had to part with them in the ordinary and usual course of its business.[4] That being so, the petitioner has not strictly complied with each and every condition prescribed by § 2 of Act No. 5 and, consequently, it is not entitled to the refund sought.

For the reason that the curative act cured any defect which might have existed in Act No. 438, as well as because said curative act authorized the refund of any tax paid in excess of the four dollars for each proof gallon fixed by the latter statute, while specifying the conditions which must be complied with in order to be entitled to the refund, and the petitioner has failed to comply with each and every requisite provided by the statute, the proceeding herein should be dismissed.

---

[4] Page 12 of the "Memorandum of the Petitioner regarding the Dismissal," filed on February 28, 1947.