COMPAÑÍA RON CARIOCA DESTILERÍA, INC., peticionaria, v. TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 128.—*Sometido:* Junio 10, 1947. *Resuelto:* Noviembre 13, 1947.

*James R. Beverley, José López Baralt* y *Carmen B. Hernández,* abogados de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Impugna la Compañía Ron Carioca Destilería, Inc., la validez de la Ley núm. 438 de 24 de abril de 1946 (pág. 1253) y solicita el reintegro de la suma de $8,299.21 pagada por ella a virtud de la misma al Tesorero de Puerto Rico sobre ciertos espíritus destilados. Sostiene fundamentalmente en la demanda enmendada por ella radicada ante el Tribunal de Contribuciones de Puerto Rico que en la fecha arriba indicada el Gobernador de Puerto Rico pretendió aprobar, y en señal de ello firmó, un proyecto de ley, al que una vez aprobado se le dió el número 438 para el año 1946, en virtud del cual se pretendió aumentar los impuestos sobre espíritus destilados tal como habían sido fijados por la Ley núm. 34 de 7 de diciembre de 1942 (Segunda y Tercera Legislaturas Extraordinarias, pág. 189), imponiendo dicha pretendida ley además un *"floor stock tax"* sobre los espíritus destilados, rectificados, producidos o introducidos en la isla que se encontrasen en existencia, en adición a todo otro arbitrio, a razón de un dólar sobre cada galón medida de menos de 100 grados prueba y de un dólar sobre cada galón prueba de más de 100 grados prueba; que esa Ley núm. 438 es inexistente y nunca creó una situación de derecho en favor del Tesorero para cobrar los pretendidos aumentos, siendo inconstitucional y nula *ab initio,* porque el proyecto de la misma no fué aprobado con igual texto en cada uno de los organismos colegisladores de la Asamblea Legislativa de Puerto Rico, habiendo sido aprobado por el Senado en forma distinta y diferente a como lo fuera por la Cámara de Representantes de Puerto Rico, en

contravención a las disposiciones expresas de la Carta Orgánica de esta isla; que para substanciar lo antes alegado la demandante tiene en su poder certificaciones libradas por el Oficial de Actas y Tramitación de Proyectos del Senado y del Secretario del mismo cuerpo legislativo que ofrecerá en evidencia en su día; que por virtud del referido proyecto el Senado de Puerto Rico aumentó el impuesto de rentas internas a $4 sobre cada galón medida de menos de 100 grados prueba y a $4 sobre cada galón prueba de 100 grados prueba o más, mientras que la enmienda aprobada por la Cámara de Representantes consistió en aumentar a $4 el impuesto de rentas internas sobre cada galón medida de menos de 100 grados prueba y a $4.50 el impuesto por cada galón prueba de 100 grados prueba o más; que pretendiendo actuar bajo las disposiciones de la pretendida Ley núm. 438 de 1946 el Tesorero exigió y cobró a la demandante en las fechas que se especifican las sumas que se mencionan, y que la demandante realizó el pago de las distintas cantidades bajo la más formal protesta de que el aumento impuesto por la pretendida Ley núm. 438 no procedía, habiendo pagado esas cantidades en exceso, indebidamente y por error; y que ella solicitó del Tesorero de Puerto Rico el reintegro de las sumas pagadas y éste se ha negado a ello. Y finaliza solicitando se dicte sentencia ordenando a dicho funcionario el reintegro y pago de la suma de $8,299.21, con intereses legales.

A la demanda enmendada así radicada por la aquí peticionaria, el interventor, Tesorero de Puerto Rico, presentó moción eliminatoria, y al ser ésta declarada con lugar por el Tribunal recurrido, la querellante en 27 de septiembre solicitó se dictara sentencia en su contra, toda vez que "habiendo este Hon. Tribunal (de Contribuciones) declarado con lugar la moción eliminatoria radicada por el querellado, y quedando sin causa de acción la querellante con motivo de la eliminación ordenada, respetuosamente solicita se dicte sentencia en este caso a los efectos legales consiguientes." El Tribunal

de Contribuciones así lo hizo en 1ro. de octubre de 1946, desestimando el "recurso en todas sus partes porque el mismo no aduce hechos constitutivos de causa de acción en favor de la contribuyente y en contra del querellado".

La peticionaria ha acudido ante nos de conformidad con la sección 5 de la Ley 169 de 15 de mayo de 1943 (págs. 601, 609), y librado el auto de *certiorari* correspondiente el recurso ha quedado finalmente sometido a nuestra consideración.

█ Sostiene la recurrente que el Tribunal de Contribuciones erró al declarar con lugar la moción eliminatoria y al desestimar la demanda, ya que a su juicio en un caso como el presente es permitido impugnar, mediante las actas de las respectivas cámaras legislativas, la validez y constitucionalidad de una ley según la misma ha sido *enrolada* y finalmente aprobada por el Gobernador de Puerto Rico. Empero, se hace innecesario considerar y resolver la cuestión así planteada, debido a que el interventor ha solicitado desestimemos el recurso y a que, a nuestro juicio, procede la desestimación solicitada. Esa moción se funda en que con posterioridad a la aprobación de la aludida Ley núm. 438 la Asamblea Legislativa de Puerto Rico aprobó en 24 de julio de 1946 la Ley núm. 5 (Segunda y Tercera Legislaturas Extraordinarias de ese año, pág. 15) a virtud de la cual se subsanaron cualesquiera defectos de que hubiera podido adolecer la ley anterior.

█ Por la sección 1ra. de la citada Ley núm. 5 se enmendó el artículo 4 de la núm. 6 de 30 de junio de 1936 (Tercera Legislatura Extraordinaria, pág. 45,) según quedó enmendado por la referida ley 438, en el sentido de fijar los siguientes impuestos de rentas internas sobre:

"1. (a) Todo espíritu destilado de menos de 100° prueba pagará un impuesto de cuatro (4) dólares sobre cada galón medida y un impuesto proporcional a igual tipo sobre toda fracción de galón medida.

"(*b*) Todo espíritu destilado de 100° prueba o más pagará un impuesto de cuatro (4) dólares sobre cada galón prueba y un impuesto proporcional a igual tipo sobre toda fracción de galón prueba.

"(*c*) Todo espíritu destilado, rectificado, producido, fabricado, importado o introducido en Puerto Rico que a la fecha de efectividad de esta Ley se encuentre en existencia destinado para la venta o para su uso en la fabricación o producción de cualquier bebida alcohólica destinada para la venta, y sobre el cual se hubieren pagado los impuestos de rentas internas prescritos por ley, pagará por una sola vez y en adición al impuesto ya pagado, un impuesto de un (1) dólar sobre cada galón medida cuando los espíritus destilados sean de menos de 100° prueba y un impuesto de un (1) dólar sobre cada galón prueba cuando los espíritus destilados sean de 100° o más grados prueba, y un impuesto proporcional a igual tipo sobre cada fracción de galón medida o galón prueba, según sea el caso . . ."

La Ley núm. 5, supra, según su sección 5, entró en vigor inmediatamente (24 de julio de 1946), "pero por existir una emergencia para ello, sus disposiciones serán efectivas retroactivamente al día 24 de abril de 1946." Ella, en verdad, no es otra cosa que un estatuto reparativo (*curative act*) aprobado con el principal propósito de corregir cualesquiera defectos que pudieran existir en la Ley núm. 438 a que tantas veces nos hemos referido.

Es de general conocimiento que a menos que la constitución del Estado o la carta orgánica del Territorio lo prohiban específicamente, el poder legislativo tiene plenas facultades para convalidar, mediante estatutos reparativos (*curative acts*), ciertos defectos en que se haya incurrido en leyes contributivas anteriores. *United States* v. *Heinszen & Co.,* 206 U. S. 370, 51 L. Ed. 1098, 27 S. Ct. 742, 11 Ann. Cas. 688. También, que el mero hecho de que la contribución se cobre bajo un estatuto inconstitucional o inválido no impide que el poder legislativo convalide los procedimientos seguidos a tenor del mismo mediante la aprobación de un estatuto posterior que no contenga los defectos o errores que invalidaron la ley original. *United States* v. *Heinszen & Co.,* supra; *Rafferty* v. *Smith, Bell & Co.,* 257 U. S. 226, 66 L. Ed 208,

42 S. Ct. 71; *Charlotte Harbor Ry.* v. *Welles,* 260 U. S. 8; 67 L. Ed. 100, 43 S. Ct. 3; *Hodges* v. *Snyder,* 261 U. S. 600, 67 L. Ed. 819, 43 S. Ct. 435; 140 A. L. R. 990 *et seq.* y *Whitlock* v. *Hawkins,* 105 Va. 242, 53 S. E. 401.

■■ Las leyes reparativas generalmente tienen efecto retroactivo[1] y cuando a virtud de las mismas el legislador impone una contribución o realiza un acto que originalmente pudo imponer o realizar,[2] ellas son declaradas constitucionales, no obstante el hecho de que las leyes anteriores que tratan de corregir hubieran podido ser contrarias a la constitución. 70 A.L.R. 1436; 11 Am. Jur. 1208, 1212; 51 Am. Jr. 163, 164 y 679 y casos citados en el párrafo anterior.

Así, pues, aún dando por sentado a los fines de la discusión de la moción para desestimar que la Ley núm. 438 es inconstitucional por las razones alegadas por la peticionaria, o por cualesquiera otras, la realidad es que la Ley núm. 5 de la Segunda y Tercera Legislaturas Extraordinarias de 1946, antes citada, subsanó los defectos o errores que pudieron existir en la Ley núm. 438. Bajo estas condiciones, como la ley reparativa impuso un arbitrio de $4 tanto sobre cada galón medida de menos de 100 grados prueba como sobre cada galón prueba de 100 grados prueba o más, casi la totalidad de la contribución pagada por la peticionaria ha quedado impuesta por una ley que resulta ser claramente válida y sólo nos toca determinar ahora si debe o no reintegrársele la diferencia de cincuenta centavos existente entre los $4.50 fijados por la Ley núm. 438 y los $4 por galón prueba impuestos por la ley reparativa.

El caso de *Puerto Rico Tobacco Corporation* v. *Buscaglia,* 62 D.P.R. 811, es fácilmente distinguible del presente. Aunque el resultado a que allí se llegó es contrario al que se llega en éste, el principio en él enunciado es idéntico al aquí esta-

---

[1] 50 Am. Jur. 503.

[2] El artículo 3 de nuestra Carta Orgánica, 48 U.S.C.A. 228, autoriza la imposición de contribuciones e impuestos sobre la propiedad, ingresos, rentas internas, etc.

blecido. En él se dijo que la Ley núm. 22 de 18 de junio de 1939 (Leyes de 1939 (2) pág. 95) fué expresamente derogada y que la núm. 22 de 3 de diciembre de 1942 ( (2) pág. 115) no intentó siquiera convalidarla; que los efectos de la de 1942 se retrotrajeron a la fecha de la vigencia de la anterior, y que el "único y evidente propósito de la nueva ley (fué) el permitir al Tesoro retener para sí las sumas cobradas a virtud de una ley que ya había sido anulada y declarada inconstitucional por sentencia final de una corte competente;" que "la ley (de 1939) tal y como ha sido redactada y aplicada es indefendible desde todos los puntos de vista" y "contraria a la Ley Orgánica y a la Constitución Federal por la razón adicional de que priva a la demandante de su propiedad sin el debido proceso de ley al imponerle una contribución para un fin privado y no para un fin público." De suerte que aunque se hubiera interpretado la ley de 1942 como una ley reparadora de la de 1939, la conclusión a que allí se llegó armonizaría con la del presente caso, ya que en aquél, contrario a como ocurre aquí, el poder legislativo no estaba facultado para aprobar la ley original de 1939 en los términos en que lo hizo, mientras que en éste es indubitable que pudieron imponerse originalmente los arbitrios a que en las Leyes núms. 438 y 5 de 1946 se hace mención. A este respecto dice el caso de *Puerto Rico Tobacco Corp.* v. *Buscaglia,* supra, a la pág. 820. que "No tenemos duda alguna en cuanto a que si la Legislatura hubiese tenido en 1939 y en 1942 la facultad necesaria para aprobar una ley para los fines y propósitos de la Ley núm. 22 de 1939, la ratificación de dicha ley en 1942 convalidaría retroactivamente la imposición y cobro de las contribuciones reclamadas por la demandante, aún después de haberse dictado sentencia ordenando la devolución de lo cobrado. Véase *Pillich* v. *Fitzsimmons, Auditor,* 59 D.P.R. 105."

En lo que a la diferencia de cincuenta centavos concierne, tal vez el procedimiento más adecuado sería devolver el recurso al Tribunal de Contribuciones para que allí se de-

termine si de acuerdo con los hechos y la ley la peticionaria tiene derecho a su reembolso. Sin embargo, creemos que dado el estado de cosas que surge de los propios autos es innecesario remitir el caso con tal fin a dicho Tribunal. Veamos: por la sección 2 de la propia Ley núm. 5 ya citada, el Tesorero y el Auditor de Puerto Rico quedan autorizados a devolver cualesquiera cantidades pagadas en exceso de cuatro dólares ($4.00) por concepto de impuestos de rentas internas sobre cada galón prueba de espíritus destilados en virtud de las disposiciones del apartado (b) del inciso 1 del artículo 4 de la Ley núm. 6 de 30 de junio de 1936, según dicho apartado fué enmendado por la Ley núm. 438 de 24 de abril de 1946. No obstante, dicha sección específicamente provee que no se "hará devolución alguna a menos que la persona interesada alegue en su solicitud de reintegro y pruebe en su oportunidad, a satisfacción del Tesorero: (1) que ha sufrido realmente el peso del pago del impuesto; (2) que a la fecha de hacer su solicitud de reintegro tenía en su poder los espíritus destilados sobre los cuales había pagado el exceso cuya devolución reclama", y (3) "a menos que la solicitud de reintegro se radique en el Departamento de Hacienda dentro de ciento veinte (120) días a contar de la fecha en que el Gobernador de Puerto Rico apruebe la presente ley."

Durante muchos años prevaleció en Puerto Rico el principio legal de que para que un contribuyente tuviera derecho al reembolso de contribuciones indebidamente pagadas o en exceso, era indispensable que hubiese satisfecho las mismas bajo protesta. *Cía. Agrícola* v. *Domenech, Tesorero,* 47 D.P.R. 535; *Porto Rico Fertilizer Co.* v. *Domenech, Tesorero,* 49 D.P.R. 45; *Id.*, 50 D.P.R. 405 y *Porto Rico Fertilizer* v. *Sancho Bonet, Tes.*, 54 D.P.R. 677; *Yabucoa Sugar Co.* v. *Domenech, Tesorero,* 50 D.P.R. 962; *Mayagüez Lt., Power & Ice Co.* v. *Buscaglia, Tesorero,* 59 D.P.R. 709. El mismo criterio ha prevalecido en el continente. *Chesebrough* v. *United States,* 192 U. S. 253; *Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505, 509. Un pago no hecho bajo coerción o amenaza no se

consideraba como realizado bajo protesta. *Blanco* v. *Tribunal de Apelación,* 61 D.P.R. 23. Y cuando como cuestión de derecho la contribución no se pagaba bajo protesta, el contribuyente no podía acudir a los tribunales para compeler al Tesorero de Puerto Rico a que le reintegrase las sumas por él pagadas indebidamente o en exceso. *Mayagüez Lt., Power and Ice Co.* v. *Buscaglia,* supra, y *Bonet* v. *Yabucoa Sugar Co.,* supra. En la actualidad, sin embargo, la situación ha variado y hoy en día es posible solicitar el reembolso de una contribución pagada indebidamente o en exceso aunque ésta no se haya pagado bajo protesta. Ley núm. 169 de 15 de mayo de 1943 (págs. 601, 605); *The Coca Cola Co.* v. *Tribunal de Contribuciones,* 65 D.P.R. 152; *Royal Bank* v. *Tribunal de Contribuciones,* 65 D.P.R. 345; *R. Santaella & Bros.* v. *Tribunal de Contribuciones,* 66 D.P.R. 868 y *González Padín Co.* v. *Tribunal de Contribuciones,* 66 D.P.R. 964, 992.

Si bien en el presente caso se sostiene que la contribución se pagó en exceso e indebidamente, no hay alegación o constancia alguna de que el pago se efectuara bajo coerción o amenaza y, en su consecuencia, debe interpretarse que se realizó voluntariamente. Es principio de derecho que no puede lograrse del soberano el reintegro de una contribución pagada en exceso o indebidamente, a no ser que exista un estatuto que expresamente autorice tal reembolso o devolución. Esto es así aunque la ley bajo la cual se haya pagado la contribución sea enteramente nula e inconstitucional. 74 A.L.R. 1301, y *Chesebrough* v. *United States.,* supra. En Puerto Rico, no obstante, hemos tenido desde 1904 estatutos que autorizan el reintegro de contribuciones indebidamente pagadas o ilegalmente cobradas.(³) En el caso específico que nos ocupa, tenemos la propia sección 2 de la Ley núm 5 de la Sesión Extraordinaria de 1946 (págs. 15, 21). Empero, cuando una ley

---

(³) Véanse: Ley de 12 de febrero de 1904 (Estatutos Revisados de 1911, sección 2365, pág. 480); Ley núm. 10 de 29 de marzo de 1945 (pág. 33); Ley núm. 261 de 3 de abril de 1946 (pág. 541) y Ley núm. 388 de 13 de mayo de 1947 (pág. 745). Véanse también la sección 75 de la Ley de Contribuciones Sobre Ingresos (Núm. 74 de 6 de agosto de 1925, pág. 401); la sección

autoriza el reintegro de contribuciones pagadas voluntariamente es necesario dar cumplimiento estricto a todas las condiciones por ella provistas. Al no darse cumplimiento a cualquiera de esas condiciones el reintegro será denegado. *R. Santaella & Bros.* v. *Tribunal de Contribuciones,* supra; 51 Am. Jur. 1006 y casos citados. ¿Ha dado la peticionaria cumplimiento estricto a todas las condiciones impuestas por la Ley núm. 5, supra, y tiene ella, por ende, derecho al reintegro de cualquier suma pagada en exceso? A nuestro juicio, no. Ella sostiene haber sufrido realmente el peso del pago del impuesto y puede admitirse que su solicitud de reintegro ha sido hecha dentro de los ciento veinte días inmediatamente siguientes a la aprobación de la ley, pero de los autos se desprende su aceptación de que a la fecha de ser aprobada la Ley núm. 5 no tenía en su poder los espíritus destilados sobre los cuales pagó el exceso cuya devolución reclama por haber tenido que desprenderse de los mismos en el curso ordinario y corriente de sus negocios.(⁴) Siendo ello así, la recurrente no ha dado cumplimiento estricto a todas y cada una de las condiciones fijadas por la sección 2 de la Ley núm. 5 y no tiene, en su virtud, derecho al reintegro solicitado.

Tanto porque la ley reparativa (curative act) subsanó cualesquiera defectos que pudieran haberse cometido en la Ley núm. 438, cuanto porque dicha ley autorizó el reintegro de cualesquiera contribuciones pagadas en exceso de los cuatro dólares por galón prueba fijados por la ley posterior, y al así hacerlo especifica las condiciones que han de cumplirse para tener derecho al reintegro y la peticionaria no ha cumplido con todos y cada uno de los requisitos provistos por esa ley, *debe dictarse resolución desestimando el recurso.*

2991 de los Estatutos Revisados de 1911; la Ley núm. 35 de 1911, (pág. 132); la núm. 17 de 1920 (pág. 125); la núm. 9 de 1924 (pág. 71); la núm. 84 de 1925 (pág. 581); la núm. 8 de 1927 (pág. 123) y la núm. 17 de 1941, Primera Sesión Extraordinaria (pág. 55).

(⁴) Pág. 12 del "Memorándum de la Peticionaria en Incidente sobre Desestimación", radicado el 28 de febrero de 1947.