Marcelino Landán Román, demandante y recurrido, *v.* Ramón Torres Braschi, Administrador del Sistema de Retiro de los Empleados del Gobierno de Puerto Rico, demandado y recurrente.

Número 12268.

*Sometido:* 5 de abril de 1961. *Resuelto:* 21 de abril de 1961.

*J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar* y *Luis Venegas Cortés, Procurador Auxiliar,* abogados del recurrente; *Luis E. García Benítez,* abogado del recurrido.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Don Antonio Landán Ach, quien prestó servicios al Gobierno de Puerto Rico durante más de veinte años, se acogió en 1 de julio de 1942 al retiro involuntario por haber sido suprimido del presupuesto el cargo que ocupaba. Se le concedió una pensión vitalicia computada de acuerdo con la sección 8 de la Ley núm. 23 de 16 de julio de 1935 (Leyes (2), pág. 127), *Landán* v. *Junta de Retiro,* 65 D.P.R. 127 (1945). Esta ley de retiro de 1935 fue sustituida y reemplazada por la Ley núm. 447 de 15 de mayo de 1951 (Leyes, pág. 1299,

3 L.P.R.A. sec. 762).([1])    Al efecto se dispuso que "los fondos de pensiones antes mencionados (que incluye el establecido por la Ley 23 de 1935) quedan por la presente *consolidados* y *formarán parte* de los fondos del Sistema que por la presente se crea; y el referido sistema se considerará como una continuación de dichos fondos de pensiones, a los cuales sustituirá y reemplazará." (Art. 2, de la Ley núm. 447 de 1951, 3 L.P.R.A. sec. 762.) Se proveyó además, al decretarse el sobreseimiento de estos sistemas de retiro, que "todas las anualidades, pensiones y otros beneficios que hubieran sido aprobados antes de la fecha de aplicación del Sistema, serán pagados a partir de la referida fecha, por el Sistema que por la presente se crea, *de acuerdo con lo dispuesto por las antes mencionadas* leyes"; que "Todas las cantidades deducidas y retenidas de los salarios o retribución de los participantes en los sobreseídos fondos de pensiones serán acreditadas a los referidos participantes, quienes entrarán a formar parte del Sistema"; y finalmente, que "Todas las reclamaciones por anualidades, pensiones, reembolsos u otros beneficios que contra los fondos de pensiones sobreseídos hubieren sido hechas y estuvieren pendientes en la fecha de aplicación del Sistema, serán otorgadas o denegadas por el Administrador, de acuerdo con las disposiciones de las correspondientes leyes sobreseídas. Dichas reclamaciones de ser aprobadas por el Administrador, se pagarán con cargo a los fondos del Sistema."

---

([1])La Ley 447 de 1951, supra, consolidó en un solo sistema los fondos o planes de pensiones provistos por distintas leyes: retiro de miembro de la policía (Ley núm. 70 de 3 de mayo de 1931, pág. 435), cf. *López* v. *Muñoz, Gobernador*, 81 D.P.R. 337 (1959), pensiones a las viudas de miembros del cuerpo de la policía (Ley núm. 155 de 9 de mayo de 1938, pág. 349), retiro de funcionarios y empleados del Gobierno (Ley núm. 23 de 16 de julio de 1935). En relación con la Ley 447, dijimos en *In re Castro y Torres Braschi*, 73 D.P.R. 564, 566 (1952) que se trataba de "un estatuto cuidadosamente redactado y muy abarcador", y que "fue aprobada como resultado de un minucioso estudio de los diversos sistemas públicos de retiro existentes", y que "su efecto fue modificar *drásticamente* los anteriores *fondos de retiro que reemplazó*".

El artículo 13 de la nueva ley (3 L.P.R.A. sec. 773) estableció un beneficio de pagos por defunción para los participantes en servicio activo y para los participantes que estuvieren recibiendo una anualidad por retiro o incapacidad.[2] En cuanto a estos últimos se dispuso que:

"A la muerte de un participante que estuviere recibiendo una anualidad por retiro o por incapacidad, a menos que de acuerdo con las disposiciones de esta Ley no fuere pagadera una anualidad por traspaso, se pagará a la persona o personas que éste hubiere nombrado en orden escrita debidamente reconocida y radicada con el Administrador o a sus herederos si no se hubiere hecho tal nombramiento, un beneficio por defunción en una sola cantidad en efectivo; beneficio que consistirá del exceso, si lo hubiere, de las aportaciones acumuladas a favor del participante hasta la fecha de su retiro, sobre la suma total de todos los pagos de anualidad por retiro recibidas por él antes de su muerte; Disponiéndose que, en todo caso, será pagadera una cantidad mínima de doscientos dólares ($200)."

El demandante Marcelino Landán Román es el beneficiario designado en 21 de diciembre de 1953 por don Antonio Landán Ach en un formulario que se radicó en la Oficina de Personal del Gobierno de Puerto Rico. Por haber fallecido el señor Landán Ach en 26 de mayo de 1954, reclama el pago del beneficio por defunción, que en su caso, asciende a la cantidad mínima de doscientos dólares. El demandado se negó a ordenar el pago solicitado, y su actuación fue confirmada por la Junta de Síndicos del Sistema de Retiro. Recurrió al Tribunal Superior, y contra la sentencia declarando con lugar la demanda y ordenando el pago, se entabló recurso de apelación para ante este Tribunal.

La única cuestión que tenemos que resolver es si bajo las disposiciones de la Ley núm. 447 de 1951, don Antonio Landán Ach tenía la condición de "participante" en el

---

[2] Participante significa "todo empleado acogido al Sistema o que pertenezca a su matrícula". (Art. 3 de la Ley 447 de 1951, 3 L.P.R.A. Sec. 763.)

sistema de retiro que por la misma se creó.   Se impone una contestación negativa.

Una lectura de la Ley 447 lleva a la inescapable conclusión de que las personas que ya se habían acogido al retiro y disfrutaban de pensiones al amparo de la Ley 23 continuaban sujetas, en cuanto al pago de los beneficios a que tenían derecho, a las disposiciones de esta última.   Así, se dispone expresamente en cuanto al pago de las pensiones ya aprobadas; y en cuanto a las pendientes en 1 de julio de 1951, fecha de vigencia del nuevo sistema, se dispuso que serían otorgadas de acuerdo con las disposiciones de las leyes sobreseídas (art. 2 de la Ley núm. 447 de 1951).   El único alcance de la consolidación a que se hace referencia fue transferir los fondos con que contaban y tenían disponibles los anteriores sistemas de retiro al nuevo sistema que se creaba.   Es simplemente una medida de administración pública.   Es por eso que al indicar las personas que compondrán la matrícula del nuevo sistema, el artículo 4 (3 L.P.R.A. sec. 764) lo limita a: 1) toda persona que en 30 de junio de 1951 sea empleado del Gobierno de Puerto Rico, siempre que hubiese terminado sin interrupción por ausencia de más de tres meses consecutivos un período de doce meses de servicio;[3] y, 2) toda persona que fuere empleada por primera vez a partir de la fecha de aplicación del nuevo sistema, a quien se requiere, como requisito de empleo, que se afilie al sistema después de prestar servicios por un período mínimo de doce meses.

Singular importancia le dió el tribunal de instancia a la enmienda introducida por la Ley núm. 73 de 19 de junio de 1954 (Leyes, pág. 375) al séptimo párrafo del artículo 2 que en virtud de la misma lee como sigue:

"Todas las cantidades deducidas y retenidas de los salarios o retribución de los participantes en los sobreseídos fondos de

---

[3] Para ingresar al nuevo sistema, es significativo que este período de servicios no se requiera a los empleados activos que en la fecha indicada fueren miembros de cualquier fondo o plan de pensiones sobreseído.

pensiones serán acreditadas a los referidos participantes, quienes entrarán a formar parte del Sistema, *si estuvieren en el servicio activo o cuando entraren a formar parte del mismo si no lo estuvieren.*"(⁴)

El propósito de esta enmienda aparece claramente expuesto en el informe rendido por la Comisión de Elecciones y Personal(⁵) al Senado en relación con el Proyecto del Senado 399 que luego se convirtió en la Ley 73 de 19 de junio de 1954, y que en la parte pertinente dice:

"El propósito de este proyecto es aclarar algunos conceptos obscuros de la Ley vigente, Ley número 447 de 15 de mayo de 1951.

"El Séptimo Párrafo del Artículo 2 dispone que todas las cantidades deducidas y retenidas de los salarios o retribución de los participantes en los sobreseídos fondos de pensiones serán acreditados a los referidos participantes, quienes entrarán a formar parte del Sistema de Retiro. Esta última frase del párrafo se presta a que se interprete como que todos los empleados que eran participantes en fondos de pensiones sobreseídos entrarán a formar parte del Sistema de Retiro actual aunque no estuvieran en servicio activo a la fecha de aprobación de la Ley. *Esta interpretación es errónea y podría dar margen a que participantes en fondos sobreseídos se creyeran con derecho a los beneficios que dispone el Sistema a pesar de haber dejado de ser empleados del Gobierno.* De ahí la enmienda por adición que se hace a dicho párrafo."

Cuanto hemos expuesto es suficiente para sostener nuestra conclusión de que los empleados que ya se habían retirado cuando se inició el nuevo sistema de retiro en 1 de julio de 1951 no gozan de los beneficios de la nueva ley, sino que se rigen en cuanto a sus derechos por las respectivas leyes en

---

(⁴) La enmienda consistió en adicionar la frase subrayada.

(⁵) Diario de Sesiones, 1954, pág. 629. Si fuere necesario esta Ley 73 de 1954 podría considerarse como una de carácter reparador (remedial statute) a los fines de subsanar cualquier defecto que pudiere haber tenido la Ley 447. *Cía. Ron Carioca* v. *Tribunal de Contribuciones*, 67 D.P.R. 708 (1947); *Sunland Biscuit Co.* v. *Junta de Salario Mínimo*, 68 D.P.R. 371 (1948).

vigor a la fecha en que se pensionaron. Esta interpretación está ampliamente corroborada por las actuaciones legislativas posteriores, *Cía. Ferroviaria* v. *Secretario de Hacienda*, 80 D.P.R. 524 (1958), enderezadas a concederle a estas personas los beneficios de la nueva ley, para lo cual se hizo necesario aprobar legislación específica. Así, para eliminar cualquier diferencia en el importe de las pensiones concedidas a los empleados retirados bajo las Leyes núm. 70 de 1931 y *núm. 23 de 1935*, se ordenó mediante la Ley núm. 132 de 4 de julio de 1953 (Leyes, pág. 517) que el Administrador del Sistema de Retiro procediera a su reajuste en aquellos casos en que las pensiones, en igualdad de condiciones, fueren menores a las otorgadas bajo la vigente ley de retiro. Al efecto se hizo la asignación correspondiente y se ordenó que para años subsiguientes se consignaría en el presupuesto general la cantidad que para tal fin fuere necesaria.([6])

En relación con los beneficios por defunción a que se refiere la demanda del presente caso, no fue hasta la aprobación de la Ley núm. 27 de 6 de mayo de 1955 (Leyes, pág. 95) que se le hicieron extensivos a los pensionados bajo las disposiciones de la Ley 23 de 1935.([7]) Los informes a las cámaras legislativas revelan que el propósito fue "equiparar en cuanto a este beneficio en particular, a los pensionados bajo las antiguas leyes de retiro con los pensionados bajo la nueva ley de retiro que disfrutan de este beneficio actual-

---

([6]) El informe de la Comisión de Hacienda del Senado sobre el P. del S. 273, que se convirtió en la Ley 132 de 1953, lee como sigue:

"Este proyecto ordena al Administrador del Sistema de Retiro de los Funcionarios y Empleados del Gobierno del Estado Libre Asociado que reajuste las pensiones concedidas bajo las leyes número 70 aprobada en 3 de mayo de 1931 y 23 aprobada en 16 de julio de 1935 a las disposiciones de la Ley de Retiro vigente. La medida afectará 247 miembros jubilados de la Policía de Puerto Rico, y 365 pensionados adicionales, con un costo total anual de $83,893.01. Un número considerable de pensionados recibirá los beneficios de esta ley al aumentarse sus pensiones a $480 anuales. Debe informarse que el costo anual de esta medida irá reduciendo gradualmente con el tiempo."

([7]) Véase, *Ledesma, Admor.* v. *Tribl. de Distrito*, 71 D.P.R. 87, 91 (1950).

mente", (Informe de la Comisión de Hacienda de la Cámara sobre el P. de la C. 1285, Diario de Sesiones, 1955, pág. 747), y brindar a estos "una ayuda monetaria del Gobierno para sufragar los gastos del entierro, cantidad que en ningún caso será menor de $200." (Diario de Sesiones, 1955, ib.) En la misma sesión la Comisión de Elecciones y Personal también recomendó la aprobación de dicho proyecto, y en el informe correspondiente expresó que se sometía el mismo "con el propósito de que haya *uniformidad* en la ejecución de las leyes de pensiones y para corregir la situación de desigualdad en que se encuentran los herederos de los pensionados" bajo las leyes anteriores, y que "de aprobarse este proyecto sustitutivo entonces *todas las leyes de retiro que administra* el Sistema de Retiro del Gobierno de Puerto Rico estarían en igualdad de condiciones en cuanto a beneficios por defunción mínimos se refiere." (Diario de Sesiones, 1955, pág. 748.) En términos parecidos se expresó la Comisión de Hacienda del Senado al recomendar la aprobación del proyecto. (Diario de Sesiones, 1955, pág. 1333.) A esta ley no se le dio efecto retroactivo, sino que por disposición expresa comenzó a regir en 1 de julio de 1955.

Por todo lo expuesto, forzoso es concluir que a la fecha del fallecimiento de don Antonio Landán Ach, ocurrido en 26 de mayo de 1954, el demandante no tenía derecho a recibir el beneficio mínimo que reclama. *Se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, y se dictará sentencia declarando sin lugar la demanda.*