**BOWLES, Price Administrator, v. MILLER.**

No. 3163.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1945.

George Moncharsch, Deputy Administrator for Enforcement, of Washington, D. C. (Fleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, Samuel Mermin, Sp. Appellate Atty., and Karl E. Lachmann, Atty., Office of Price Administration, all of Washington, D. C., and Max D. Melville, Regional Litigation Atty., of Denver, Colo., on the brief), for appellant.

No appearance for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Chester Bowles, Administrator, Office of Price Administration, for and on behalf of the United States, instituted this action against Clarence M. Miller, a shipper of onions, to recover treble damages for the selling of onions between September 14, 1943, and October 31, 1943, at prices in excess of the maximum prices established by Revised Maximum Price Regulation No. 271. The court dismissed the action on the ground that it had been brought without the prior approval of the Secretary of Agriculture, and the Administrator appealed.

Section 2 of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A. Appendix, § 902, authorizes the Administrator, Office of Price Administration, to establish by regulation maximum prices for commodities. Section 4, 50 U.S.C.A. Appendix, § 904, makes it unlawful to sell or deliver any commodity in violation of a regulation or order promulgated under section 2. Section 202, 50 U.S.C.A.Appendix, § 922, concerns itself with records, reports, and investigations. Section 205(a), 50 U.S.C.A.Appendix, § 925(a), empowers the Administrator to institute and maintain suits to enjoin acts and practices which constitute or will constitute a violation of the provisions of section 4. Section 205(b) provides among other things that any person who wilfully violates any provision of section 4 shall, upon conviction thereof, be subject to fine, or imprisonment, or both. Section 205(e) provides that if any person sells a commodity in violation of a regulation, order, or price schedule prescribing a

maximum price or maximum prices, the person who buys the commodity for use or consumption other than in the course of trade or business may maintain an action against the seller for fifty dollars or for treble the amount by which the consideration exceeded the permitted maximum price, whichever is greater; and that if a person selling a commodity violates a regulation, order, or price schedule, and the buyer is not entitled to bring action or suit under the subsection, the Administrator may bring it on behalf of the United States. Section 3(e) in its original form provided that: "Notwithstanding any other provision of this or any other law, no action shall be taken under this Act by the Administrator or any other person with respect to any agricultural commodity without the prior approval of the Secretary of Agriculture; except that the Administrator may take such action as may be necessary under section 202 and section 205(a) and (b) to enforce compliance with any regulation, order, price schedule or other requirement, with respect to an agricultural commodity which has been previously approved by the Secretary of Agriculture." Section 103 of the Stabilization Extension Act of 1944, 58 Stat. 632, 50 U.S.C.A.Appendix, § 903(e), amended section 3(e), supra, by deleting "(a) and (b)" from it.

The violations of the act pleaded in the complaint occurred before the amendment to section 3(e) became effective but the suit was begun afterwards. The first contention advanced by the Administrator is that the statute as amended has application, and that under its terms the consent of the Secretary of Agriculture to the institution of the suit was not necessary. And the second contention is that the excepting provision was designed to make unnecessary the approval of the Secretary to enforce compliance with a regulation or price schedule relating to an agricultural commodity which had been previously approved by the Secretary, and that prior to the amendment a suit brought by the Administrator under section 205(e) did not require the approval of the Secretary. The legislative history of the statute is relied upon to sustain the second contention. Though the argument is interesting, it is unnecessary to explore the question.

■ It may be conceded, without deciding, that the amendment to section 3

(e) would not have application here if it imposed a sanction upon the doing of that which was not subject to penalty in the form of damages at the time the sales in question were made, or if it created an additional sanction to that then prescribed, or if it altered the rules of evidence by which less or different proof became sufficient to warrant the imposition of the sanction than was required at the time of the sales at excessive prices, thus altering the situation to the disadvantage of the defendant below. But one does not have a vested interest in any particular remedy for the enforcement of a right. The remedy provided in one act of Congress for the enforcement of a right may be changed or modified, provided a substantial remedy is left. There is no inhibition against an act of Congress operating retroactively in making reasonable changes in the remedy for the enforcement of a right, provided a reasonable remedy is made available. That clear distinction obtains between acts creating rights and those which merely afford remedies for the enforcement of rights.

■ Here, section 4 of the act makes it wrongful to sell a commodity at prices above the specified ceiling. Section 205 (e) imposes a sanction for the wrong. It is liability in damages. The statute also creates a remedy. The remedy is the institution and maintenance of an action for the recovery of the damages. And the right to exert the remedy is vested in the Administrator in certain circumstances. The amendment to section 3(e) does not create the wrong. Neither does it create the sanction, increase it, or alter it in any other manner. The wrong and the sanction therefor remain unchanged by the amendment. And the Administrator does not seek any new or different recovery in the form of penal damages under the amendment. The amendment deals solely with the remedy for the enforcement of the right created by section 205(e) in respect of instituting and maintaining the suit. The amendment is essentially remedial in character and therefore has application here, and under its terms the approval of the Secretary of Agriculture to the institution and maintenance of the action was unnecessary. Bowles v. Strickland, 5 Cir., 151 F.2d 419.

The judgment is reversed and the cause remanded with directions to overrule the motion to dismiss the action.