**UNITED STATES v. FULLERTON.**

**Civ. A. No. 8272.**

United States District Court
D. Massachusetts.

Dec. 8, 1949.

2. See also Drummond v. United States, D.C., 78 F.Supp. 730; Donovan v. McKenna, D.C., 80 F.Supp. 690.

360

Roy M. Fitzmorris, Boston, Mass., for plaintiff.

Louis H. Cohen, Springfield, Mass., for defendant.

FORD, District Judge.

This is an action for an injunction and treble damages brought under the provisions of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1949, 50 U.S.C.A. Appendix, §§ 1881–1884, 1891–1906. The complaint which was filed April 7, 1949 sets forth alleged rent overcharges received by defendant from tenants of various apartments during the period April 7, 1948 to April 4, 1949, and asks treble damages for these overcharges. In the case of one tenant it also alleges overcharges for a period prior to April 7, 1948, but expressly limits the damages asked to the overcharges within one year before the filing of the complaint.

Defendant has filed motions to strike the complaint on the grounds that recovery is barred by the statute of limitations, that

the suit was brought within thirty days after the violation occurred, and that at the time of the alleged violation the plaintiff had no right to sue and recover in its own name. Plaintiff has moved to amend its complaint to delete allegations of overcharges occurring during the thirty-day period immediately prior to the filing of the complaint.

█ It is true that under Section 205 of the Act the plaintiff cannot recover treble damages for violations committed more than one year prior to the bringing of its action. But the complaint expressly differentiates between the violations committed within a year previous to the complaint and those occurring more than a year before, and seeks damages only for the former. Moreover, the complaint also seeks injunctive relief under Section 206 of the Act, which does not contain any one-year period of limitation such as that found in Section 205. It does not seem improper to allege as a basis for injunctive relief a long continued series of violations, even though the recovery of damages for some of these may be barred by the limitation provisions of Section 205.

█ It is also true that under Section 205 there can be no recovery for violations until thirty days have elapsed without suit by the person from whom the overcharge has been demanded, accepted, or received. Allowance of plaintiff's amendment to the complaint would confine the complaint to those violations as to which suit is not barred by this thirty-day requirement. But defendant contends that under Section 205 where a series of alleged overpayments contains any overpayment alleged to have occurred within thirty days prior to the beginning of the action, the whole series of such overpayments should be deemed a single violation, on which suit is premature, and that such series should be struck in toto from the complaint. This contention must be rejected, for by the plain language of the statute it is solely for the purpose of determining liquidated damages that all violations alleged are to be deemed a single violation. For other purposes each overpayment is a separate and distinct violation of the Act.

Defendant's third motion rests on the ground that, at the time of the alleged violations, the plaintiff had no right to sue or recover in its own name. Before April 1, 1949 a treble damage suit under Section 205 of the Housing and Rent Act of 1947 could be brought only by the person from whom a rent overcharge was demanded, accepted, or received. Under Section 206 of the same Act an action for equitable relief could be brought only by the Housing Expediter. By virtue of the amendments of the 1947 Act by the Housing and Rent Act of 1949, effective April 1, 1949, the United States, subject to the conditions imposed by Section 205, as amended, can now sue for treble damages, and an action for relief under Section 206 is to be brought by the United States rather than by the Housing Expediter.

█ The 1949 amendment, in giving the United States the right to sue for treble damages, did not in any way increase the sanction imposed on the landlord guilty of rent overcharges. He had previously been liable to an action for treble damages. The only difference now is that in some cases he will be sued by the United States, instead of by the aggrieved tenant. His substantial liability is the same, the only change being the procedural one of allowing a different plaintiff to enforce that liability. The fact that such a remedial and procedural change is retroactive, in the sense that the new remedy may be invoked to enforce substantial liability incurred before the passage of the Act providing the remedy, does not violate the constitutional requirement of due process. Fisch v. General Motors Corp., 6 Cir., 169 F.2d 266, 271; Porter v. Senderowitz, 3 Cir., 158 F.2d 435; Bowles v. Miller, 10 Cir., 151 F.2d 992.

█ It is true that the 1949 amendment does not expressly provide that the United States may sue for treble damages for violations prior to the date of the amendment. But being a change in the procedural rather than the substantive law, it is to be interpreted as applying to all actions pending at the time of its passage or instituted thereafter, and is not to be limited to cases

involving substantive liabilities created after the new remedy became effective. Bowles v. Strickland, 5 Cir., 151 F.2d 419; Bowles v. Miller, supra. The rule that a statute is not to be construed as operating retroactively unless clearly expressed to be retroactive applies only to statutes changing the substantive law and not to procedural legislation. State Street Trust Co. v. United States, D.C., 59 F.Supp. 467.

It was the intent of Congress that the present amendment should apply to actions based on overcharges made before the amendment became effective. When Congress in 1944 amended Section 205 (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 925 (e), by adding a similar provision for suits for treble damages by the Administrator, it made it clear that this procedural change was not to affect all actions then pending or thereafter brought, as is the usual rule, by expressly providing that the amendment "shall be applicable only with respect to violations occurring after the date of enactment of this Act." Act of June 30, 1944, Ch. 325, Title I, § 108(c), 58 Stat. 641, 50 U.S.C.A. Appendix, § 925 note. The present amendment contains no such limitation. Moreover, the reason for the 1949 amendment was that the previous provisions for suits by the tenant had proven ineffective in securing compliance with the law. Senate Report No. 127, 81st Congress, 1st Session. To remedy this failure, the amendment did not create a new right of action, but provided that if the tenant fails to institute the action, as he already had a right to do under the 1947 Act, "the United States may institute *such action*", (emphasis mine) i. e., the same action which the tenant might previously have instituted. In the debate on the passage of the amendment in the House of Representative, the retroactive interpretation of its provisions was emphasized by the statement of Congressman Wolcott in opposing its adoption: "We also in the bill give the Expediter the authority to come in and sue in the name of the United States for any alleged violations for the past year. Understand, they may go back a year and sue for any violation." Cong. Rec. 81st Congress, 1st Session, p. 2236, March 10, 1949.

 The conclusion must be that under Section 205 as amended the United States may sue for treble damages even for violations occurring before April 1, 1949. The same reasons require a like conclusion as to an action under Section 206. Other considerations make even stronger the conclusion that the United States may bring the present action under Section 206. Section 206 is primarily designed to afford equitable relief against future violations and not to afford recovery of statutory damages based on past violations. These violations are involved in proceedings under Section 206 only to the extent that they may furnish a basis for a finding that future violations are likely to occur unless equitable relief is granted. Moreover, the change in Section 206 brought about by the 1949 amendment is the purely formal one of allowing an action to be brought in the name of the United States which would previously have been brought in the name of an officer of the United States, the Housing Expediter.

Plaintiff's motion to amend complaint is allowed. Defendant's motions to dismiss are denied.