Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

M & K MANUFACTURING COMPANY, Inc., a corporation, Defendant.

Civ. A. No. 7342.

United States District Court
D. Colorado.

March 1, 1962.

Henry C. Mahlman, U. S. Dept. of Labor, Denver, Colo., appeared for plaintiff.

Robert A. Lehman, Denver, Colo., appeared for defendant.

DOYLE, District Judge.

The defendant has filed motions to dismiss and to strike. The former is based on the Court's lack of jurisdiction over the subject matter and failure to state a claim. One portion of the motion to strike is predicated on the same ground raised in the motion to dismiss, namely, that the statute on which the action was brought can be applied prospectively only. The second phase of the motion to strike proceeds on the point that any violations which have occurred in the past have been corrected and that the question is thus moot.

## I.

### THE MOTION TO DISMISS

The action arises under the Fair Labor Standards Act and it seeks recovery of unpaid wages for overtime work. The statute as amended in 1961 allows the Court to order payment of wages resulting from violation of the Act in conjunction with a suit for injunction. Concededly, the alleged violations occurred prior to the effective date of the amendment. Theretofore, the Department of Labor was not permitted to recover unpaid wages. This, since 1949, has been a right that could be asserted only by the employee. Due, however, to the reluctance of employees to institute such action, Congress found it necessary to amend the Act to permit the Secretary of Labor to institute recovery for the unpaid amounts of minimum and overtime compensation. See Senate Report 145, Eighty-seventh Congress, First Session, U.S.Code Congressional and Administrative News, 1961, p. 1620.

The amendment does not impose any new sanction or create any new right and thus defendant can not complain about its retrospective enforcement. In other words, even under the prior law he is obligated to pay the accrued overtime wage. The 1961 amendment affects the remedy and not the right. As was said by the Court of Appeals for the Tenth Circuit, per Judge Bratton, in Bowles v. Miller, 151 F.2d 992, at page 993:

"* * * But one does not have a vested interest in any particular remedy for the enforcement of a right. * * *"

The Court went on to say:

"* * * The remedy provided in one act of Congress for the enforcement of a right may be changed or modified, provided a substantial remedy is left. There is no inhibition against an act of Congress operating retroactively in making reasonable changes in the remedy for the enforcement of a right, provided a reasonable remedy is made available. That clear distinction obtains

between acts creating rights and those which merely afford remedies for the enforcement of rights."

Defendant's other contention that the rights of the employees are adversely affected is not tenable. This fact does not furnish a basis for the *defendant's* objection. See 1 Willoughby on Constitution of the United States, page 19, section 13. See Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

### III.

#### THE MOTION TO STRIKE

Since one phase of this motion is based upon the argument raised in connection with the motion to dismiss, this must be denied. The other ground for striking also lacks merit because it cannot be determined that the defendant was and is in compliance with the statute until such time as the cause is tried on its merits. It is, therefore,

Ordered that the motion to dismiss and the motion to strike should be, and the same are hereby denied. Defendant is granted twenty days to answer.