W. Willard WIRTZ, Secretary of Labor,
Plaintiff,

v.

W. G. LOCKHART CONSTRUCTION CO.

and

Thomas Richard Lockhart

and

Alexander Robert Lockhart, Defendants.

Civ. A. No. C 63–631.

United States District Court
N. D. Ohio, E. D.
May 21, 1964.

824

Frank Berndt, United States Dept. of Labor, Cleveland, Ohio, for plaintiff.

L. Andrew Reed, Jr., of Buckingham, Doolittle & Burroughs, Akron, Ohio, for defendants.

CONNELL, Chief Judge.

On August 8, 1963, Plaintiff, the Secretary of Labor, filed his complaint seeking to enjoin defendants, W. G. Lockhart Construction Co., and Thomas Richard Lockhart and Alexander Robert Lockhart, from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended, 29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, and for such other and further relief as may be necessary and appropriate, including the restraint of any withholding of payment of overtime compensation due under the Act. The action is specifically authorized by Section 17 of the Act.

The complaint alleges that defendants employ a total of approximately thirty-five employees in and about their place of business in Akron, Ohio in the construction, repair and maintenance of roads, highways, and sewers as well as in the construction, repair and maintenance of parking lots, driveways and loading docks of firms which produce goods for interstate commerce. In paragraph IV of the complaint it is alleged that defendants' said employees were and are engaged in interstate commerce and in activities closely related and directly essential to the production of goods for interstate commerce. In paragraph V of the complaint it is alleged that defendants employed during the period subsequent to April 20, 1961 many of their employees so engaged as identified and alleged in paragraph IV, for workweeks longer than forty (40) hours without compensating these employees for their employment in excess of forty (40) hours, at rates not less than one and one-half times the regular rate at which they were employed as a result of which a total of thirty-eight thousand, eighty-two dollars and five cents ($38,082.05) is unpaid overtime compensation has been and is being withheld by defendants from these employees.

In paragraph VI the authority of the Administrator's record-keeping regulations is set forth. Paragraph VII al-

leges specific violations issued thereunder in that the defendants failed since April 20, 1961 to make, keep and preserve adequate records of many of their employees with respect to wages, hours and other conditions and practices of employment, including hours worked each workday and each workweek.

Paragraph VII further identifies the period of time, to wit, since August 20, 1961, that the defendants have violated all of the aforesaid specific provisions of the Fair Labor Standards Act. Further this paragraph contains plaintiff's prayer for relief seeking a judgment of injunction permanently restraining defendants from violating the provisions of the pertinent sections of the Fair Labor Standards Act and for such further relief as may be necessary and appropriate, including the restraint of any withholding of payment of overtime compensation due under the Act.

On October 22, 1963 plaintiff filed his amended complaint which is a verbatim copy of the original complaint filed on August 8, 1963 except that Paragraph V is amended to identify by name, period of employment and amount of back wages found due, the thirty-five (35) employees previously designated in Paragraph IV of the original complaint.

The corporate defendant only, W. C. Lockhart Construction Co., now moves the Court to dismiss that portion of the complaint seeking to enjoin said corporate defendant from withholding back wages claimed to be due prior to October 22, 1961 on the ground that the two year statute of limitations here applicable, Section 6 of the Portal to Portal Act of 1947 (61 Stat. 84, 29 U.S.C. 251 et seq.), was not tolled until October 22, 1963, the time of the filing of the amended complaint in which the names of the employees for whom back wages are claimed were specifically mentioned, on the ground that said statute of limitations is not tolled until employees are so named in the pleadings. The corporate defendant further moves the Court to dismiss that portion of the complaint seeking to enjoin the defendant from withholding wages claimed for periods prior to September 3, 1961 on the ground that Section 17 of the Act under which jurisdiction was conferred upon the plaintiff to bring this action did not become effective until September 3, 1961.

The Court holds that both of the defendant's contentions are erroneous and that the motion to dismiss should be denied. The two year statute of limitations was tolled on the date the original complaint was filed in that the allegations of the original complaint were sufficient to toll said statute under Rule 8(a) (2) of the Federal Rules of Civil Procedure and even if it were considered necessary to specifically list the names of employees in order to toll the statute, the employees were in fact named in the amended complaint which under Rule 15(c) of the Federal Rules of Civil Procedure relates back to the date of the original pleading thus tolling the statute on that date. Nor is there any justification in law for defendant's second contention and motion for dismissal of the claims for back wages which accrued prior to the effective date of Section 17 of the Act under which plaintiff brought the present action, for this 1961 Amendment to the Act created merely a new remedy and not a new right and, of course, there is no inhibition against the retroactive enforcement of a new remedy to preserve an old or existing right, in this case the existing right being the employee's statutory right to receive time and one-half his regular rate for hours worked in excess of forty per week. For these reasons defendant's motions to dismiss should be denied.

I

Plaintiff's original complaint sets forth a claim for relief drawn in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure that it contains a "short and plain" statement of the grounds upon which the Court's jurisdiction rests and a "short and plain" statement of the claim showing that the pleader is entitled to relief, and finally, a statement of

the relief required. It is also drawn in accordance with Rule 8(e) that "each averment of a pleading shall be simple, concise, and direct." A glance at the summary of plaintiff's original complaint amply shows that plaintiff has in fact met the requirements of Rule 8. Furthermore, the defendant has not attacked the sufficiency of the plaintiff's complaint in its first motion otherwise than as it affects the tolling of the statute of limitations. In this regard plaintiff submits, and we agree, that he has sufficiently identified the employees in the original complaint by fixing their number, thirty-five, period during which they were employed, type of work performed and gross amounts of back wages found due to amply satisfy the requirements of Rule 8 in stating a claim upon which relief can be granted so as to toll the statute of limitations on the date of the filing of said complaint.

Defendant contends that the two year statute of limitations applicable to wage suits brought under the Fair Labor Standards Act of 1938, as amended, is not tolled unless and until the names of the employees in question are mentioned in the complaint. In support of this position, defendant cites three cases which were brought under Section 16(c) of the Act.[1] Defendant contends that

---

1. Mitchell v. Lancaster Milk Company, 185 F.Supp. 66 (M.D.Pa.1960); Mitchell v. Stewart Bros. Construction Company, 184 F.Supp. 886 (D.C.Neb.1960); Goldberg v. Sam Bass, et al., 42 L.C. 31130 (N.D.Ill.1961).

It is necessary at this point to set out in substance the statutes involved:

Section 16 of the Fair Labor Standards Act of 1938, as amended, provides:

(a) "Any person who willfully violates any of the provisions of section 15 shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection."

(b) "Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 17 in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 6 or section 7 of this Act by an employer liable therefor under the provisions of this subsection."

(c) "The Secretary of Labor is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 6 or section 7 of this Act, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages. When a written request is filed by an employee with the Secretary claiming unpaid minimum wages or unpaid overtime compensation under section 6 or section 7 of this Act, the Secretary may bring an action in any court of competent jurisdiction to recover the amount

this principle of tolling the statute only upon the date that the names of the employees are listed in the complaint itself is likewise applicable to the present injunctive suit brought under Section 17 of the Act by the Secretary of Labor. Plaintiff agrees that the statute is so tolled in actions brought, in the classical sense, at law, as under Section 16 (c) of the Act, because the language of the Act itself specifies that such a requirement be met, but plaintiff denies that this principle is applicable to injunctive suits brought by the Secretary of Labor under Section 17 of the Act wherein there is no such tolling language in the statute. Furthermore, an analysis of these two distinctive statutory remedies will make manifest that the tolling of the statute of limitations in a Section 17 action is not, and should not be, dependent upon the mere listing of employee names in the complaint.

 A remedy to collect unpaid wages due an employee may be had either in the nature of an action at law or as one in equity under the Fair Labor Standards Act of 1938, as amended. Sections 16(b) and (c) embrace the two non-equitable type remedies available to employees. Section 16(b) permits an employee to engage private counsel and to

of such claim: Provided, That this authority to sue shall not be used by the Secretary in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Secretary if it does involve any issue of law not so finally settled. The consent of any employee to the bringing of any such action by the Secretary, unless such action is dismissed without prejudice on motion of the Secretary, shall constitute a waiver by such employee of any right of action he may have under subsection (b) of this section for such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages. Any sums thus recovered by the Secretary on behalf of an employee pursuant to this subsection shall be held in a special deposit account and shall be paid, on order of the Secretary, directly to the employee or employees affected. Any such sums not paid to an employee because of inability to do so within a period of three years shall be covered into the Treasury of the United States as miscellaneous receipts. In determining when an action is commenced by the Secretary under this subsection for the purposes of the two-year statute of limitations provided in section 6(a) of the Portal-to-Portal Act of 1947, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subquent date on which his name is added as a party plaintiff in such action."

Section 17 of the Act provides:

"The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown to restrain violations of section 15, including in the case of violations of section 15(a) (2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 6 of the Portal-to-Portal Act of 1947)."

Section 6 of the Portal-to-Portal Act of 1947 provides:

"STATUTE OF LIMITATIONS.— Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

(a) if the cause of action accrues on or after the date of the enactment of this Act—may be commenced within two years after the cause of action accrued;"

bring an action for the back wages in question, and he is entitled to recover in addition to these wages an equal amount as liquidated damages plus attorneys fees and costs. On the other hand, the employee also has the option of requesting the Secretary of Labor to institute suit on his behalf to collect the unpaid wages under Section 16(c) of the Act when no unsettled issues of law are involved. If such a choice is made no liquidated damages are awarded and, of course, there is no attorney's fee. Jurisdiction for the Secretary to bring such an action is dependent upon his receiving from the employee a written request to file such an action and such written request, of course, waives the employee's right thereafter to bring a 16(b) action and to attempt to gain the liquidated damages provided for in that section of the Act. In addition, Section 16(c) also provides that in

"* * * determining when an action is commenced by the Secretary under this subsection for the purposes of the two-year statute of limitations provided in section 6(a) of the Portal-to-Portal Act of 1947, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action."

■ Section 17 of the Act, the aforementioned equitable remedy, is not burdened with the jurisdictional and other restrictions imposed upon actions brought under Section 16(c). Section 17 permits the Secretary of Labor to file suit to restrain the employer from violating the provisions of the Act including the restraint of the withholding of any back wages due the employees. In other words, the Secretary may collect the unpaid wages for all of the employees and such action is not dependent upon his first having obtained an employee request to so proceed. When the Secretary

does in fact bring such an equitable action with a prayer to restrain the withholding of unpaid wages he pre-empts the rights of the employees involved under Section 16(b) of the Act including their rights to collect liquidated damages. Nor does the language of Section 17 require that the employee be named in order to toll the statute of limitations as does the language of Section 16(c) which specifically states that the statute is tolled if the employee is named as a party plaintiff on the filing of the complaint or on that date thereafter when the employee is so named as a party plaintiff. In other words, since the Secretary's right and standing to sue is predicated upon a request from an allegedly aggrieved laborer, he should name those whose request(s) prompted his action.

Obviously, the inclusion of the naming language in Section 16(c) and its exclusion in Section 17 are facts not without pertinent meaning here. For one thing, the naming of the employee in a Section 16(c) action is exclusively jurisdictional yet it is not in a Section 17 action, nor has defendant so contended. In other words, an action in the nature of one at law brought under Section 16 (c) is a highly restricted and limited type of action; it must be requested in writing of the Secretary by the employee, it must not involve any unsettled questions of law, and the requesting employee must be named as a plaintiff, i. e., named in the complaint in order to toll the statute of limitations. Section 16(c) itself is even more specific regarding the statute of limitations: if an employee is not named in the original complaint and his name is later added by amendment, the statute is tolled only on the later date when the amendment is filed contrary to the general principle of the relation back provided for in Rule 15(c) of the Federal Rules of Civil Procedure. This remedy for securing unpaid wages was the original one provided for by the Act and it was and is thus rigidly controlled by statute. Because Section 16(c) was an inadequate remedy standing alone for affording employees relief from wage

underpayments in the face of employee reluctance to personally initiate suit against their employer, Congress found it necessary to amend the Act in 1961 in order to permit the Secretary of Labor to institute back wage relief suits. See Senate Report 145, Eighty-seventh Congress, First Session, U.S.Code Congressional and Administrative News, p. 1620. In creating this extraordinary remedy in Section 17 of the Act, Congress did not, however, inhibit the injunctive powers of the Secretary with the kind of restrictions imposed in Section 16(c) actions, jurisdictional or otherwise, but rather in a simple bold stroke gave the Secretary of Labor, through this 1961 Amendment, the right to appeal directly to the discretion of the Court in order to collect unpaid wages for all employees concerned when conditions of aggravation allegedly warranted such relief. Undoubtedly this would be the best possible means, in view of an understandable employee reluctance to in any way jeopardize their livelihood by bringing suit themselves, and to thus enhance and expedite the avowed Congressional purpose of eliminating "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C.A. § 202 (a).[2] In any event, the restrictions relied upon by the defendant regarding the tolling of the statute of limitations are by statute made applicable to Section 16 (c) actions but are not made so applicable in Section 17 Actions. *Expressio unius est exclusio alterius.* Certainly Congress, in creating an extraordinary remedy solely for the purpose of avoiding inhibitory restrictions in existing legislation, did not intend to resurrect these very restrictions through its silence.

And, of course, where no unique rules regarding the tolling of the statute of limitations are imposed, it would appear settled that

" * * * Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement. So long as the amendment is of the sort described in the above quoted Rule [Rule 15(c) of the Federal Rules of Civil Procedure] it is within the scope of the original suit and a part of it. * * *" Barthel v. Stamm, 145 F.2d 487, 491 (C.A.5, 1944), cert. den. 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430.

And that

" * * * [w]hen a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. * * *" Goldlawr Inc. v. Heiman, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 82 L. Ed. 39 (1962).

Thus we hold that the Secretary of Labor is not burdened with § 16(c) restrictions when seeking injunctive relief, and that the tolling of the statute of limitations in the latter type action is not dependent upon the Secretary merely listing the names of all of the employees involved in the original complaint.

Assuming arguendo, however, that defendant's contention is correct to the ef-

2. The distinction between Section 16(c) and Section 17 actions is perhaps analogous to the intricate sophistication of the common law forms of action contrasted with the broad sweep of the Chancellor's discretionary powers; and perhaps the Section 17 injunctive remedy was created as a result of the same reasons and because of the same forces which obliged the emergence of the extraordinary powers of the Chancellor.

fect that the names of the employees "must be mentioned in the complaint in order to toll the two-year statute of limitations" lest 16(b) rights might be cut off retroactively would not, it is submitted, entitle the defendant to side-step the effect of Rule 15(c) of the Federal Rules of Civil Procedure.

The plaintiff in his original complaint dated August 8, 1963 prayed the Court to restrain the withholding of unpaid overtime wages due some thirty-five employees doing specifically alleged types of work during a specified period of employment. The number "thirty-five" was specifically alleged. In his amended complaint plaintiff listed the names of these very same thirty-five employees, the period during which the unpaid wages were earned as well as the amount due to each employee. The amended complaint was filed on October 22, 1963.[3]

Rule 15(c) provides that whenever the claim asserted in an amended pleading arises, as in the present instance, "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." This Rule contemplates that an amended pleading relates back to the time of the original pleading for purposes of tolling the statute of limitations on the date of the original pleading. United States v. Johnson, 288 F.2d 40 (C.A.5, 1961); Grooms v. Greyhound Corp., 287 F.2d 95 (C.A.6, 1961); Culver v. Bell and Loffland, 146 F.2d 29 (C. A.9, 1945); Barthel v. Stamm, 145 F.2d 487 (C.A.5, 1944) cert. den. 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1944); Issacks v. Jeffers, 144 F.2d 26 (C.A.10, 1944) cert. den. 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944).

As the sufficiency of the original complaint has not been attacked except with regard to the naming of the employees for purposes of tolling the statute of limitations, the sufficiency of the pleading otherwise will be assumed. Certainly, then when the Secretary prayed the Court to restrain the withholding of unpaid overtime compensation due a given number of employees, thirty-five, at the very least he can be considered to have "attempted" to set forth a claim in his original pleading. And inasmuch as there does not seem to be any question but that the claims here involved did arise out of the "conduct, transaction, or occurrence" as set forth in the original complaint, there appears to be no possible inhibition to the effective and automatic operation of the relation back to the time of the filing of the original complaint for purposes of tolling the statute of limitations. It has always been this Court's impression that the Federal Rules of Civil Procedure were and are designed to introduce a sense of reality to the procedural aspects of lawsuits and to free litigants from the niceties of the common-law writs and the nuances of code pleading. Rule 15, which provides a liberal policy of amendment, is an essential ingredient to this enlightened procedural structure. So long as the original complaint notices the defendant that a claim is lodged against him, amendment will be freely granted to help in particularizing that claim, so long as the purported amendment does not in fact serve as a subterfuge for including a *separate* claim which would otherwise be barred at the time of amendment.

II

Until September 3, 1961 the right to collect unpaid wages was a right which

---

**3.** (It might be mentioned at this point that there has never been any real question existing between plaintiff and defendant as to the identity of the employees in question, the dates of the earnings and the amount due each inasmuch as such a list was given to defendant during an initial conference shortly after the filing of the original complaint. Defendant is now merely raising the pure legal issue regarding the sufficiency of the pleadings to toll the statute of limitations apparently on behalf of an hypothetical employee, so to speak, who has filed a 16(b) suit and whose rights could be pre-empted by the Secretary of Labor's later filed injunctive suit to collect unpaid wages for all employees.)

could be asserted only by an employee either under Section 16(b) or Section 16(c) of the Fair Labor Standards Act of 1938, as amended. Because of the reluctance of many employees to institute such action lest they jeopardize their livelihood, Congress found it necessary to amend the Act in 1961 in order to permit the Secretary of Labor to institute recovery for unpaid amounts of minimum overtime compensation through the injunctive process, Section 17 of the Act. See Senate Report 145, Eighty-Seventh Congress, First Section.

Because in the present case the Secretary through a Section 17 action is attempting to collect unpaid overtime wages which were in part earned prior to September 3, 1961, the effective date of the Section 17 Amendment, the defendant now moves the Court to dismiss that part of the claim for wages which were earned prior to this date. This issue has previously been raised only once to the best of the Court's knowledge, and we must concur with Judge Doyle of the District Court of Colorado who stated:

"The amendment [Section 17 of the Act] does not impose any new sanction or create any new right and thus defendant can not complain about its retrospective enforcement. In other words, even under the prior law he is obligated to pay the accrued overtime wage. The 1961 amendment affects the remedy and not the right. As was said by the Court of Appeals for the Tenth Circuit, per Judge Bratton, in Bowles v. Miller, 151 F.2d 992, at page 993:

" ' * * * But one does not have a vested interest in any particular remedy for the enforcement of a right. * * * ' "

" ' * * * The remedy provided in one act of Congress for the enforcement of a right may be changed or modified, provided a substantial remedy is left. There is no inhibition against an act of Congress operating retroactively in making reasonable changes in the remedy for the enforcement of a right, provided a reasonable remedy

is made available. That clear distinction obtains between acts creating rights and those which merely afford remedies for the enforcement of rights.' " (Goldberg v. M. & K. Manufacturing Co. Inc., 230 F.Supp. 151 (D.C.Col.1963.)

For these reasons we hold that defendant's motion to dismiss the claims for those wages earned prior to September 4, 1961 is denied.