W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

NOVINGER'S INC., a corporation, and Robert Gulden, an individual, Defendants.

Civ. A. No. 9554.

United States District Court
M. D. Pennsylvania.

Dec. 30, 1966.

Charles Donahue, Sol., Louis Weiner, Regional Atty., Daniel W. Teehan, Atty., U. S. Dept. of Labor, Chambersburg, Pa., for plaintiff.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

On August 16, 1966, plaintiff, the Secretary of Labor, filed his Complaint seeking to enjoin defendants, Novinger's Inc., and Robert Gulden, an individual, from violating the provisions of Section 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, and for such other and further relief as may be necessary and appropriate, including the restraint of any withholding of payment of overtime compensation underpayments to, but not limited to, the employees (68) as specified in Exhibit "A" attached thereto and made a part thereof. The Complaint alleges that the action is specifically authorized by Section 17 of the Act.

The Complaint further alleges that the defendants employ a total of one hundred thirty employees in and about their place of business in Harrisburg, Pennsylvania, and elsewhere within the Commonwealth of Pennsylvania, in lathing, painting, plastering, acoustical work, and other forms and modes of construction and reconstruction of buildings housing individuals, firms and facilities producing goods for interstate commerce, and/or engaged in interstate commerce, and in activities closely related and directly essential to the aforesaid principle activities, and, at all times mentioned therein, said employees were, and are, engaged in interstate commerce and/or in the production of goods for interstate commerce, within the meaning of the Act.

In Paragraph VI the Complaint alleges that defendants have been, and are, engaged in the performance of related activities performed through unified operation and common control for a common business purpose, and accordingly were, and are, an enterprise within the meaning of Section 3(r) of the Act.

In Paragraph VII the Complaint alleges that defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) (4) of the Act.

In Paragraphs VIII and IX the Complaint alleges that defendants have, and are, violating the provisions of Sections

7(a) (1), 7(a) (2) and 15(a) (2) of the Act by employing their employees engaged in interstate commerce at various times for weeks longer than forty, forty-two and forty-four hours, without compensating said employees for employment in excess of forty hours, at rates not less than one and one-half times the regular rate, since the times indicated.

In Paragraph XI the Complaint alleges that defendants have, and are, violating the provisions of Sections 11(c) and 15 (a) (5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours worked, rates of pay, total straight earnings and total overtime compensation for each work week, since May 3, 1964.

Plaintiff asks for judgment enjoining and restraining the alleged violations, all of which it is alleged is specifically authorized by Section 17 of the Act. Attached to the Complaint is a list of sixty-eight of the employees and a summary of unpaid wages, including period covered by work week ending dates and gross amounts due each employee.

Defendants answered, contending (second defense) that the action was not properly brought under Section 7 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 256, since written consents from the employees to whom overtime compensation is allegedly due have not been filed with the Court; and (third defense) that the two year statute of limitations provided in Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, has not been tolled on any of the claims for payment of back wages involved in this action. Defendants demanded a jury trial but during oral argument on the motions on November 21, 1966, they withdrew their demand for jury trial.

The matter is presently before the Court on motion of plaintiff to strike the second and third defense contained as aforesaid in defendants' Answer.

Basically, defendants' contention is that this is a suit for back wages by the Secretary of Labor on behalf of a number of employees under Section 17 of the Fair Labor Standards Act and is a collective or class action within the meaning of Section 7 of the Portal-to-Portal Act.

Section 7 of the Portal-to-Portal Act, 29 U.S.C. § 256, reads as follows:

"In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, *shall be considered to be commenced on the date when the complaint is filed;* except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—

"(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

"(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced." (Emphasis supplied).

Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, reads as follows:

"The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are

barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title."

The interesting history of Section 17 is well stated by the Court in Wirtz v. Jones, 340 F.2d 901, 903–904 (5th Cir. 1965), as follows:

" * * * The history and purpose of the Fair Labor Standards Act and of § 17, both in its wording and in its relationship to the other sections of the Act, make it abundantly clear that § 17 was designed and enacted as a necessary measure to assure the effective and uniform compliance with and adherence to a public policy, relating to wage standards for labor, adopted in the National interest.

"As originally enacted in 1938, § 17 provided: 'The district courts * * * shall have jurisdiction, for cause shown, to restrain violations of § 15.' This was construed as a grant of equitable jurisdiction, carrying with it the traditional power of an equity court to afford full relief, including restitution or reparation where appropriate, without violating any right to jury trial. McComb v. Frank Scerbo & Sons, 177 F.2d 137 at 138–139 (2d Cir. 1949).

"As a result of the Scerbo decision, in 1949 Congress was persuaded to take away the equity power of the courts to order payment of past due minimum wages or overtime compensation and it amended § 17 by adding to it the following:

" 'Provided, That no court shall have jurisdiction, in any action brought by the Secretary of Labor to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages in such action.'

"By 1961, however, it became apparent that the enforcement provisions of the Act were not operating satisfactorily to protect the public interest. With the taking of necessary action left to the initiative of the employees themselves, enforcement was obviously exposed to employer and other pressures. The implications are plain from that part of the Senate Committee report which said: 'Very few of these suits have been brought by employees under section 16(b) of the act and of the few that have been brought most are initiated by individuals no longer in the employ of the defendant employer.' U.S. Code Cong. & Ad. News, 87th Congress, First Session 1961, Vol. 2 at p. 1658.

"The 1949 amendment was repealed and in its place the following clause was enacted to revive the jurisdiction of the district courts to restrain violations of § 15: 'including in the case of violations of section 15(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter * * *.'

"In this fashion Congress expressly restored the full equity powers of the courts in exercising the jurisdiction granted in § 17. There is nothing in the wording of § 17, as amended in 1961, or in the legislative history of § 17, or any of its amendments, to suggest that Congress intended to provide for the trial of factual issues arising under it by a jury. Had it so intended it could easily have said so. Actually the language used strongly implies a contrary intent. The 1961 amendment is couched in traditional equitable terms of 'restraining' a continuing wrong. The district courts are given 'jurisdiction * * * to restrain violations * * * including * * * the restraint of any withholding * * *.' The equitable action authorized in relation to withholding is simply emphasized as a part of the jurisdiction to restrain violations generally. Absent any statutory provision for jury trial, as is clearly the case here, the defendants have no right to demand it."

In Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750, 752 (W.D.Ark.1963), the Court had this to say of Section 17:

"While the Secretary has always had the authority under section 17 to maintain suits for injunctions to restrain threatened future violations of the Act, he was prohibited, at least during the period between the effective date of the 1949 amendments to the Act and the effective date of the 1961 amendments, from obtaining back pay awards in section 17 proceedings. However, the 1961 amendment to section 17 deleted the prohibition set forth in the 1949 amendment to that section, and provided expressly that the jurisdiction of the district courts to grant injunctions against violations of the Act should include the power to restrain the withholding of payment of minimum wages or overtime compensation found by the court to be due to employees covered by the Act."

Again, at p. 756, the Court said:

" * * * The Secretary is suing for the benefit of the public and to vindicate a public right. The Secretary is seeking to secure future compliance with the law, which is in the public interest, and he is seeking by means of a negative order to compel the defendants to make reparations for alleged past violations of the law, which likewise is in the public interest. The relief sought is equitable and it is no less so because compliance with the decree which plaintiff seeks may require the defendants to pay out money. That the filing of the suit has affected, and that the outcome of the suit may further affect, the substantive rights of the employees does not convert the proceeding from a suit in equity to an action at law, and does not convert the prayer for a negative injunction requiring defendants to cease to withhold moneys allegedly due the employees into a legal claim for money damages."

■ This is not a collective or class action to which Section 7 of the Portal-to-Portal Act refers. Such type, collective or class, is one which can be instituted privately under Section 16(b) (29 U.S.C. § 216(b)) of the Act "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" and which requires "consent in writing to become such a party (plaintiff) and such consent is filed in the court". Nor is this an action brought by the Secretary to recover back wages on behalf of an employee (or employees) under Section 16(c) (29 U.S.C. § 216(c)) of the Act which requires a written consent of the employee and his being named in the complaint. This is an injunctive action brought by and on behalf of the Secretary under Section 17 of the Act and, accordingly, is to be considered commenced as of the date the action is filed.

■ The 1961 amendment served a very definite purpose in that it lifted the impedimenta standing in way of the Secretary's enforcement of the Act due to the reluctance of employees to request action against their employers. This is not an action for statutory damages. This is an action in equity seeking an injunction and restitution.

In Jones v. American Window Cleaning Corporation, 210 F.Supp. 921, 923 (E.D.Va.1962), the Court said: "While we think it clear from the reading of the statute that it is no longer incumbent upon the Secretary of Labor to obtain written requests from employees when an action is maintained under § 217, we need only to look at the legislative history to prove the point."

In Wirtz v. W. G. Lockhart Construction Co., 230 F.Supp. 823, 828 (N.D.Ohio 1964), the Court said: "In other words, the Secretary (under Section 217) may collect the unpaid wages for all of the employees and such action is not dependent upon his first having obtained an employee request to so proceed." See, also, Goldberg v. M & K Manufacturing Company, Inc., 230 F.Supp. 151 (D.Col.1962).

The 1961 amendments to the Act were passed to make back wages improperly withheld more easily recoverable without regard to individual employees' re-

quests or consents. Therefore Section 17, unlike Sections 16(b) and 16(c) does not contain language requiring employee requests or consents.

■ Furthermore, in Wirtz v. W. G. Lockhart Construction Co., supra, 230 F. Supp. at 829, the Court said: "the restrictions relied upon by the defendant regarding the tolling of the statute of limitations are by statute made applicable to Section 16(c) actions but are not made so applicable in Section 17 actions."

■ In the instant case, plaintiff attached to its Complaint a list of sixty-eight employees, the period during which they were employed, and the gross amounts of back wages found due the said employees. However, as stated in Lockhart, supra, 230 F.Supp. at 829: "the Secretary of Labor is not burdened with § 16(c) restrictions when seeking injunctive relief, and that the tolling of the statute of limitations in the latter type action is not dependent upon the Secretary merely listing the names of all of the employees involved in the original complaint."

Accordingly, motion of plaintiff to strike defendants' second and third defense will be granted.